**Ruby M. ALLEN, Petitioner,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Respondent.**

No. A–9818.

Supreme Court of Texas.

June 3, 1964.

Rehearing Denied July 15, 1964.

Dunnam, Dunnam & Dunnam, Waco, for petitioner.

Beard, Kultgen & Beard, Waco, for respondent.

NORVELL, Justice.

Ernest Jody Allen suffered a massive myocardial infarction on July 1, 1962 which resulted in death. His widow brought this suit against American National Insurance Company to recover upon an insurance policy. After a jury trial, the District Court awarded Mrs. Allen a judgment for $7,600, being the face amount of the policy ($5,000) plus a statutory penalty and attorney's fees. This judgment was reversed by the Court of Civil Appeals. 370 S.W.2d 140.

Mrs. Allen's application for writ of error was granted. Because of this action, the insurance company's application praying for a rendition of judgment in its favor, was also granted so as to bring the entire case before us. Because of the dual positions occupied by the parties here, their trial court designations will be used.

We have decided that under the jury findings relating to the pleaded defense that the policy of insurance was procured by fraudulent representations, judgment should have been rendered for the defendant.

Procedural problems are raised by the record. The opinion of the Court of Civil Appeals sets out in detail the evidence relating to the procurement of the policy. We need repeat only so much of that Court's statement as may be necessary to make the bases of our holdings clear.

■ At the outset it should be said that we agree with the holding of the Court of Civil Appeals that the findings of the jury which have evidentiary support establish no basis for either a waiver or estoppel against the insurance company. That Court correctly held that there was no evidence "that the company or (its) agent knew insured had any pre-issuance disease of the heart before the promise to pay (the proceeds of the insurance to Mrs. Allen) was made." The waiver and estoppel issues are adequately discussed in the opinion of the Court of Civil Appeals and hence further discussion relating thereto is pretermitted.

The trial judge submitted certain issues embodying the fraudulent representations defense which were answered favorably to the insurance company. However, judgment was rendered for Mrs. Allen. The recitals of the judgment do not specifically point out the theory upon which it is based, although the insurance company pleaded two special defenses and the plaintiff asserted a waiver or estoppel against the insurance company based upon the ac-

tions of the insurance company representatives which took place after the death of Mr. Allen. The judgment simply recites that "the court having found from said verdict and evidence herein that defendant is legally bound and obligated to pay plaintiff under the terms of the insurance policy on the life of Ernest Allen, deceased * *."

In it motion for new trial, the insurance company urged that the judgment theretofore rendered should be vacated and in lieu thereof judgment should be rendered that plaintiff take nothing. It was averred that:

"In its answers to Special Issue No. 22a, 23, 24, 25, 26 and 27, the jury found on the basis of sufficient evidence all of the elements of a defense to Plaintiff's claim on the ground of misrepresentation on the health of Ernest Jody Allen except materiality. Allen's answers to the inquiries in his application for insurance that he had had no diseases of the heart, when in fact he had had serious heart attacks and flare ups about every six months for several years prior to his death and when he died from a heart attack were material as a matter of law. In any event the Jury's finding in Special Issue No. 29 that Allen suffered an acute myocardial infarction made his death from a later myocardial infarction more likely, which answers were based on sufficient evidence, constitute a finding of materiality. Since all of the elements of the defense to Plaintiff's claim based on misrepresentation have been thus established, the trial court erred in entering judgment for Plaintiff and failing to enter Judgment for Defendant."

This position was constantly maintained in both the Court of Civil Appeals and in this Court. In our opinion it must be sustained.

By its answers to the issues mentioned in the motion, the jury found from a preponderance of the evidence that (22–a) Mr.

Allen answered "no" to the question in the life insurance application inquiring whether he had ever had or had been treated for high blood pressure, shortness of breath, any disease of the heart, chest pain, low blood pressure or abnormal pulse; that (23) Allen intentionally answered "no" to such question; that (24) such answer was false; that (25) "Allen knew *or should have known* that the answer 'no' * * * was false" (italics supplied); that (26) Allen gave the answer "no" for the purpose of inducing the insurance company to issue the policy; that (27) the insurance company relied upon Allen's answer to the question in the application "referred to preceding Special Issue 3 (sic, evidently 23 was intended) in issuing the life insurance policy in question"; that (29) Allen suffered an acute myocardial infarction in 1957, and that (30) the 1957 infarction made his death from a later myocardial infarction more likely.

The Court of Civil Appeals ordered a new trial of the cause stating that the trial court's judgment was apparently based upon the erroneously submitted issues relating to estoppel and waiver. (370 S.W.2d 144). That Court also, in effect, held that the insurance company had sustained its defense of fraudulent representations and that except "for another finding to be noticed," would be entitled to judgment. (370 S.W. 2d 143) The finding or findings thereafter discussed relate to plaintiff's specially pleaded grounds of recovery, namely, waiver and estoppel, which were not sustained by the facts and hence were not well taken. In our opinion none of the findings relating thereto would prevent a judgment being rendered in favor of the insurance company upon its fraudulent representations defense. However, plaintiff, in an effort to secure a reversal of the judgment of the Court of Civil Appeals and an affirmance of the trial court's judgment asserts, among other points, that the Court of Civil Appeals erred (1) in holding that "a finding that a false representation was made when the maker knew *or should have known* its falsity was

a finding of a conscious intent to deceive."; (2) "in holding that the making of a false representation in an application for a life insurance policy when the maker merely 'should have known' its falsity was ground for vitiating the insurance contract", and (5) "in failing to hold that (the insurance company) failed to establish that the false representation was material."

■ We thus have a squarely drawn issue. The defendant says that this Court should render judgment in its favor upon the jury's findings while the plaintiff asserts that no judgment should be rendered against her because the defense was improperly submitted to the jury because of the inclusion of the phrase "or should have known" in Special Issue No. 25.

In Clark v. National Life & Accident Insurance Company, 145 Tex. 575, 200 S.W. 2d 820 (1947), this Court said:

"It is the settled rule that, in order to avoid a policy, false statements must have been made willfully and with design to deceive or defraud. American Cent. Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864; Great Southern Life Ins. Co. v. Doyle, 136 Tex. 377, 151 S.W.2d 197; Westchester Fire Ins. Co. v. Wagner, 24 Tex.Civ. App. 140, 57 S.W. 876" (writ denied).

In Great Southern Life Insurance Company v. Doyle, 136 Tex. 377, 151 S.W.2d 197 (1941) it was held that one having syphilis but being unaware of such condition could not be said to have willfully made a representation as to the absence of the disease with an intent to deceive.

See also, American Cent. Life Ins. Co. v. Alexander, Tex.Com.App., 56 S.W.2d 864 (1933); Colorado Life Co. v. Newell et al., Tex.Civ.App., 78 S.W.2d 1049 (1935) writ refused; Pioneer Am. Insurance Co. v. Meeker, Tex.Civ.App., 300 S.W.2d 212 (1957) ref. n. r. e.; 21 Appleman Insurance Law and Practice, § 12122; 11 Baylor Law Rev. 236 (1959). This means, as stated by

Couch, that "the insured must have made (the representations) with knowledge of their falsity or with an intent to deceive, otherwise the policy is not avoided by their falsity." Couch on Insurance 2d, § 37:101.

It is true, as pointed out by the Court of Civil Appeals, that in Clark v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, supra, this Court used the words "should have known" in connection with the statement of the rule relating to fraudulent representations in applications for insurance. It was said that:

> "It is also well settled in this State that to avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove, not only that the answers made by the insured were false or untrue, but that the insured knew, *or should have known*, that they were untrue, and that he made them willfully and with the intention of inducing the insurer to issue him a policy. American Cent. Life Ins. Co. v. Alexander, Tex.Com. App., 56 S.W.2d 864; Doyle v. Great Southern Life Ins. Co., Tex.Civ.App., 126 S.W.2d 735, affirmed 136 Tex. 377, 151 S.W.2d 197; General American Life Ins. Co. v. Martinez, Tex.Civ. App., 149 S.W.2d 637; American Nat. Ins. Co. v. Green, Tex.Civ.App., 96 S. W.2d 727; Provident Life & Accident Ins. Co. v. Flowers, Tex.Civ.App., 91 S.W.2d 847; 46 C.J.S. Insurance, § 1319, pp. 435-437." (Italics supplied.)

In *Clark*, the Court was concerned with the argument that it appeared conclusively as a matter of law that the application for insurance contained false representations willfully made with the intention of inducing the insurance company to issue the policy. This contention was not sustained by the Court and the use of the words "should have known" was clearly not necessary to dispose of the issue. None of the Texas cases cited in *Clark* suggest that simply because an applicant should have known that a certain statement made by

him was untrue will bar a beneficiary's recovery upon the policy issued as a result of the application.

A court might properly conclude from certain facts that, inferences of the knowledge of disease or bodily condition must be drawn as a matter of law. The phrase "should have known" may suggest this concept. However, such words are not suitable for this purpose as the usual connotation of the phrase "should have known" has to do with negligence and would so be understood by a jury. It is not a proper phrase for use in a jury submission because it does not correctly present the substantive law governing the defense of fraudulent representations. Cf. Halepeska v. Callihan Interests, Inc., Tex.Sup., 371 S.W.2d 368 (1963)

Texas Industrial Trust, Inc. v. Lusk, Tex.Civ.App., 312 S.W.2d 324, wr. ref. (1958) lends no support to the submission of the "should have known" theory. The holding in *Lusk* is that, "The utterance of a *known* false statement, made with intent to induce action, * * * is equivalent to an intent to deceive." The Court there was talking about a statement made with the knowledge that it was false and not with a representation that was negligently or carelessly made.

We have, however, come to the conclusion that the defect in the jury submission occasioned by the use of the words "or should have known" may not be urged by plaintiff as a grounds for refusing to render judgment for the insurance company.

While Special Issue No. 25 was defective in that it did not correctly inform the jury of the substantive law relating to the controversy, no objection was lodged against such issue. Apparently, in the trial court, plaintiff, as well as defendant, accepted the issues as constituting a correct submission and no objection was made to use of the words, "or should have known" until after the Court of Civil Appeals had ordered a remand.

■ It seems well settled in this State that where no objection is made to a defective submission of a controlling issue constituting a component element of a ground of recovery or a defense and a judgment is rendered thereon, such judgment will not be reversed because the failure to object is considered as a waiver of the defective submission of such issue. Rule 274, Texas Rules of Civil Procedure. Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79 (1940); Smith v. Henger, 148 Tex. 456, 226 S.W.2d 425, 20 A.L.R.2d 853 (1950); Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295 (1959); Frozen Foods Express v. Odom, Tex.Civ.App., 229 S.W.2d 92, ref. n. r. e. (1950); McDonald, Texas Civil Practice, § 12.27.

■ In the case of the omission of a controlling issue which is one of a cluster of issues embodying a theory of recovery or defense, it will be implied that the omitted issue was found in support of the judgment, Rule 279. Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991, wr. ref. (1943). When, however, as in the present case, the controlling issue is submitted, albeit in defective form, a question of waiver and not implied findings is involved. Rule 274 provides that:

"A party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objection. Any complaint as to an instruction, issue, definition or explanatory instruction, on account of any defect, omission, or fault in pleading, shall be deemed waived unless specifically included in the objections. * * "

This rule is largely the restatement of a statutory provision in existence at the time the Rules of Civil Procedure went into effect. In discussing the practice, Chief Justice McClendon, speaking for the Austin Court of Civil Appeals in Panhandle &

Santa Fe Ry. Co. v. Friend, 91 S.W.2d 922, no wr., (1936), said:

"Where, however, the ground (of recovery or defense) is submitted, however erroneously or incompletely, the parties are thereby put upon notice that the jury's answers to the issues actually submitted will form the basis of the court's judgment thereafter to be rendered thereon. *It then becomes the duty of each party to point out errors of omission or commission, or be held estopped from thereafter urging them.*" (Italics supplied.)

See also, Service Life Insurance Co. v. Miller, Tex.Civ.App., 271 S.W.2d 301, l. c. 305, ref. n. r. e. (1954); Goff v. Texas Employers' Insurance Association, Tex.Civ. App., 278 S.W.2d 326, ref. n. r. e.; Hodges, Special Issue Submission in Texas, p. 206.

■ From the above authorities we take it that the waiver which arises from the failure to object to an issue is equally binding upon both litigants and the contention that the issue was defective in wording and content cannot, because of such failure to object, be thereafter raised either in the Court of Civil Appeals or this Court, and, further, that this rule of waiver is operative regardless of the action of the trial court in awarding judgment or refusing to award judgment upon an asserted ground of recovery or defense of which the issue in question is in itself a ground of recovery or defense or constitutes a component element thereof.

■ We are further of the opinion that the findings of the jury establish that the misrepresentations in question were material to the risk.

None of the other contentions raised in plaintiff's application for writ of error need be discussed. Even if such contentions were sustained, judgment would nevertheless have to be rendered for the defendant upon its theory that the policy was procured

through fraudulent representations contained in the application for insurance.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment here rendered that plaintiff take nothing against the insurance company.