W. A. STEED, d/b/a Eagle Construction Company, Appellant,

v.

Viola L. BOST, Appellee.

No. 13143.

Court of Civil Appeals of Texas, Austin.

July 2, 1980.

Rehearing Denied July 23, 1980.

Toy A. Crocker, Crocker & McDonald, Fort Worth, for appellant.

Jerry N. Dennard, Kim I. Manning, San Antonio, for appellee.

SMITH, Justice.

Appellant, Amos M. Wente, trustee for the estate of Calvin C. Bost, a bankrupt, intervened in this suit originally filed by W. A. Steed against appellee, Viola L. Bost. As intervenor, appellant prosecuted this action for the benefit of the original plaintiff and all other creditors of the estate in bankruptcy. Appellant obtained a judgment in the court below setting aside a division of community property between appellee, Viola L. Bost and Calvin C. Bost, but appealed this judgment because the trial court failed to grant a personal judgment against appellee to the extent of the value of property received pursuant to the decree of divorce.

This suit was originally brought in 1977 by W. A. Steed, doing business as Eagle Construction Company, against Viola Bost, appellee. In June of 1975, Steed recovered judgment against Calvin Bost, who at that time was married to Viola Bost, in the sum of $96,315. On December 1, 1975, Calvin and Viola Bost were divorced. By virtue of a property settlement agreement, Mrs. Bost was awarded the following community property:

(1) a $45,000 promissory note dated April 18, 1975, payable to the order of C. C. Bost;

(2) a $10,000 promissory note dated July 1, 1975, payable to the order of C. C. Bost;

(3) two promissory notes dated August 27, 1975, in the total amount of $95,000 payable to the order of C. C. Bost;

(4) one thousand shares of stock of Log Homes of Texas, Inc., a Texas corporation chartered on August 27, 1975.

In his suit against appellee Viola Bost, Steed alleged that the property set aside to Viola Bost was the community property of Viola Bost and Calvin C. Bost, and is subject to the payment of community debts, which includes the judgment in favor of Steed.

After Steed filed the action against appellee, Calvin C. Bost filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt and discharged March 29, 1978. On December 4, 1978, Amos Wente, having been appointed trustee in the estate of Calvin C. Bost, intervened in this suit. The intervenor alleged that the divorce and the transfer and division of community property was made in order to defeat the creditors of Calvin C. Bost, and for the purpose of hindering, delaying, and defrauding them, and that the transfer rendered the bankrupt insolvent. The intervenor thus prayed that any property subject to the bankrupt's liabilities acquired by the defendant (appellee) in the division of the community estate "be adjudged fraudulent and void as against the Intervenor and all creditors or any of them whom he represents, that the same be set aside and held for naught, that said property be ordered sold for the satisfaction of the judgment of W. A. Steed and debts of all other creditors; that said property be ordered turned over and transferred to the intervenor in accordance with the United States Bankruptcy laws; for judgment against defendant for all sums received by her as payments on said note, both principal and interest, and all dividends received by virtue of the 1,000 shares of Log Homes of Texas, Inc., stock; in the alternative judgment against defendant for the value of all such property with the interest as the legal rate from December 1, 1975."

The trial court submitted special issues to the jury. The jury found that Calvin C. Bost did transfer assets to Viola Bost with an intent to delay, hinder or defraud the creditors of Calvin C. Bost. On July 11, 1979, the court entered judgment in conformity with the jury's verdict, ordering that the transfer of assets from Calvin C. Bost to Viola Bost be set "aside, annulled, and held void." The trial court did not further comply with the prayer of appellant, by ordering the property sold or by ordering the property be delivered to appellant for the benefit of the creditors of Calvin C. Bost. *The appellant has not complained of the trial court's failure to grant this relief,* but has brought forward twelve points of error which, when considered together, seem calculated to submit for review the trial court's failure to grant appellant his alternative relief which would be a personal judgment against the defendant for the value of the property which she received in the divorce suit. *Fambrough v. Wagley,* 169 S.W.2d 478 (Tex.1943).

This Court will discuss appellant's first nine points of error and then address appellant's ultimate complaint of the failure of the trial court to award his alternative prayer for a personal judgment against the defendant.

■ Appellant's first and second points of error complain of the trial court overruling the plaintiff's two motions for summary judgment. These points are without merit. Orders overruling motions for summary judgment are interlocutory in nature and are not appealable. *Ackerman v. Vordenbaum,* 403 S.W.2d 362 (Tex.1966).

■ Appellant claims by his third point of error that he was entitled to an instructed verdict. The overruling of a motion for an instructed verdict will be reviewed on appeal only if it was recited in a formal order or in the judgment. Since this complaint was not so preserved in the record, it cannot be considered. *Southwestern Materials Co. v. George Consolidated, Inc.,* 476

S.W.2d 454 (Tex.Civ.App.—Houston 1972, writ ref'd n. r. e.).

Appellant's points of error four through nine contend that the trial court erred in refusing to submit his theory of the case to the jury, thus effectively denying him his right to a jury trial. The statement of facts shows that appellant dictated into the record extensive objections to the trial court's charge and therein referred to the court's refusal to submit his special issues.

■ Rule 279, Texas Rules of Civil Procedure (1978), requires that requested special issues be in writing and tendered by the party complaining of the judgment. The record before this Court does not reflect that any issues were presented to the trial court by appellant, and therefore, no error in this regard has been preserved for review. Tex.R.Civ.P. 273, 276; *Hines v. Pointer*, 523 S.W.2d 733 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

After judgment was entered, appellant filed on July 20, 1979, a motion for a new trial and on August 1, 1979, filed an amended motion for a new trial. These motions were almost identical, the major differences appearing to be in the prayer of the amended motion. In the amended motion, appellant prays not for a new trial, but for a reformation of the judgment to grant appellant personal liability against the defendant. As previously stated in this opinion, this failure of the trial court to enter a personal judgment against the defendant is appellant's ultimate complaint, a discussion of which will dispose of the three remaining points of error.

■ We assume, *arguendo*, that appellant does have a legal right under the facts of this case to have the conveyances or transfers to Mrs. Bost set aside or to recover a personal judgment against her to the extent of the value of the property which she received. Appellant cannot, however, have the transfer to Mrs. Bost set aside and also hold her personally liable to the extent of the value of the property.

A very similar situation was discussed in *First National Bank of Brownwood v. Hick-man*, 89 S.W.2d 838 (Tex.Civ.App.—Austin 1935, writ ref'd). In that case, this Court said:

"The point, in this regard, is that Mrs. Hickman was liable to community creditors for the value of all community property which was partitioned to her, whether or not converted by her. This is correct. However, the bank was not entitled to an equitable lien upon specific partitioned property, and at the same time to recover a personal judgment for the value of that property. It had the right either to have the specific property subjected to its debt, or to hold Mrs. Hickman personally liable for its value. It could not do both." 89 S.W.2d at 843.

In the case at bar, the trial court set aside the transfer of property to Mrs. Bost, exposing it to appellant's execution. It is conceivable that under appellant's powers as trustee in bankruptcy the trial court could have ordered the property physically delivered to appellant. That question is not before this Court as appellant made no complaint of the trial court's failure to do so.

It is stated in 3 Simpkins, *Texas Family Law* § 20.16 (Speer's 5th Ed.) (1976) at page 338, that "The spouse receiving property that would otherwise be subject to creditor's claims becomes personally liable *to the extent of the property so received*, for the payment of the debts." (Emphasis added).

■ A proper rendition of judgment against appellee would have required evidence of the value of the notes, since a personal judgment is proper only to the extent of property received. Appellant offered no evidence as to the value of the property received by Mrs. Bost. It is true that evidence was offered as to the face amount of the four promissory notes, but there is no evidence which even suggests that this face amount was their value as of the time they were received by Mrs. Bost. Likewise, there was no evidence offered as to the value of the 1,000 shares of stock in Log Homes of Texas, Inc., at the time received by Mrs. Bost.

Without such proof, it would have been erroneous to submit issues inquiring of her personal liability or to render judgment against her. *Grandjean v. Runke*, 39 S.W. 945 (Tex.Civ.App.1897, no writ). *See Newhaus v. Kain*, 557 S.W.2d 125 (Tex.Civ.App. —Corpus Christi 1977, no writ); *Wichita Transit Co. v. Sanders*, 214 S.W.2d 810 (Tex. Civ.App.—Fort Worth 1948, no writ). Accordingly, the trial court did not err in refusing to grant appellant's alternative relief.

For these reasons, the judgment of the trial court is affirmed.

Affirmed.

PHILLIPS, C. J., not sitting.