Evelyn SELL et al., Appellants,

v.

C. B. SMITH VOLKSWAGEN, INC., et al., Appellees.

No. Ab2385.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1981.

Rehearing Denied Feb. 11, 1981.

Sidney Ravkind, Mandell & Wright, Houston, for appellants.

Larry Funderburk, Funderburk & Funderburk, F. Scott McCown, Gerald P. Coley, Vinson & Elkins, Frank M. Bean, Bean & Manning, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from a take nothing judgment rendered in a personal injury action arising from an automobile accident which occurred when the Volkswagen automobile in which appellants were traveling went out of control following the blow-out of one of its tires. The action was based on theories of negligence, products liability, and breach of warranty. Trial to a jury resulted in the take nothing judgment upon finding appellants to have been contributorily negligent and no negligence, breach of warranty or sale of a defective product on the part of appellees. Appellants' primary contention on appeal is that evidence regarding the political beliefs of Appellant Evelyn Sell was improperly admitted and so prejudicial to appellants' case as to cause the rendition of an improper judgment. Additionally they assert error in the court's refusal to submit certain special issues and in submission of the issue of contributory negligence. We affirm.

On August 20, 1972 appellants Evelyn Sell, Eric Sell and Katherine Stallworth were traveling from Oberlin, Ohio, to Houston, Texas, when the 1971 Volkswagen in which they were traveling blew a tire, went out of control and crashed near Memphis, Tennessee. Mrs. Sell was left a paraplegic; her son, Eric, suffered serious brain dam-

age; and Miss Stallworth sustained a broken hip as a result of the accident. Mrs. Sell was the owner of the car which had been purchased from Appellee C. B. Smith Volkswagen, Inc., and serviced according to the warranty maintenance schedule by Appellees Mel Croan, Inc. and C. B. Smith. Miss Stallworth was driving the auto at the time of the accident. Appellants were returning from a Socialist Workers Party Convention. Highway patrol investigation revealed the accident was caused by a blow-out of the right rear tire.

Appellant contended at trial that the blow-out was due to improper camber (misalignment) wear of the tire and alleged in their petition negligence in failing to properly inspect and test the vehicle, to properly warn of the dangers inherent upon its use, and in breaching express and implied warranties that the car was safe for normal use and would continue to be safe if serviced in accordance with the prescribed maintenance program. Experts for appellants testified the improper camber position had existed for virtually the life of the auto and would have been visibly apparent at six and twelve thousand miles. The car had last been inspected at 14,700 miles.

The defense contended the primary cause of the tire wear pattern was maladjusted toe setting, which its experts testified would have occurred after twelve thousand miles, the result of hitting a road hazard such as a pothole. They also alleged contributory negligence on the part of appellants in failing to inspect the tires prior to traveling in the vehicle.

In their first point of error appellants claim that the cross-examination of the appellant, Evelyn Sell, regarding her political beliefs and affiliation with the Socialist Workers Party was improper and so prejudicial as to require that the verdict be set aside. We are of the opinion that this complaint has been waived by reason of a number of things which occurred during the trial.

Before the voir dire examination of the jury panel began, the trial court sustained a motion in limine that the defendants be prohibited from offering proof that the plaintiffs belonged to the Socialist Workers Party or were Socialists. The court's ruling was without prejudice to defendants' right to raise the issue later outside the presence of the jury for further court review and ruling. During the voir dire examination of the jury panel the appellants' attorney told the panel that the evidence would show that Evelyn Sell was very active in politics and then asked whether anyone on the panel would hold it against her if the evidence showed that she had assisted in organizing and that sort of thing. When one member of the jury panel asked "What kind, I mean for our government or against our government?", the attorney replied, "for our government, I can assure you but ... we don't want to get into the question of ... any particular politics." Then the appellants' attorneys stated, "You understand we don't want to go into parties is really what the problem is I suppose."

█ In our opinion the injection of Mrs. Sell's political beliefs and activities into the trial of the case was done by the appellants' own attorneys, not by the appellees; at the very least, it was invited by appellants' counsel in his examination of the jury panel. When one injects an improper issue into a law suit, he can not be heard to complain when his testimony is rebutted by other improper evidence. *Royal v. Cameron*, 382 S.W.2d 335 [Tex.Civ. App.—Tyler 1964, writ ref'd n. r. e.].

Appellants argue that because appellants' attorney was not a witness in the case, his statements on voir dire examination of the jury panel did not constitute evidence and therefore appellees were not entitled to cross examine Mrs. Sell about the matters. We disagree. If appellants' argument were sound, attorneys could make any statement or declaration to the jury panel during voir dire and yet their clients would be completely immune to examination designed to determine the truth of such statement.

█ Also, for another reason, appellants have waived any error concerning the cross-examination of Mrs. Sell. During such

cross-examination the attorney for one of the appellees outside the presence of the jury sought the court's permission to interrogate Mrs. Sell concerning the truth of her attorney's statement during voir dire examination assuring the jurors that Mrs. Sell's political beliefs were for our form of government. Mrs. Sell's attorney responded by stating, "I have no objection to that, your Honor. You step right in, Mr. Coley." By this statement appellants expressly waived any objection to such cross-examination and any error on the part of the trial court in allowing such cross-examination. *Consolidated Underwriters v. Pitman*, 388 S.W.2d 315 [Tex.Civ.App.—Beaumont 1964, no writ]; and *Kempner v. Beaumont Lumber Co.*, 20 Tex.Civ.App. 307, 49 S.W. 412 [Tex.Civ.App. 1899, writ denied].

■ Also under their first point of error appellants contend that the trial court erred in permitting cross-examination of Mrs. Sell concerning her pleadings in a then-pending law suit she had filed against the Austin Independent School District. In that suit she sought damages for loss of her wage-earning capacity by reason of alleged wrongful discharge of Mrs. Sell following reports by the F.B.I. to the Austin Police Department, relayed to the School Board, to the effect that Mrs. Sell was a political activist in the Socialist Workers Party.

■ We hold that the cross-examination concerning her pleadings in that suit were admissible as admissions against interest in connection with Mrs. Sell's claim that her inability to pursue her teaching career and the consequent loss of earnings and earning capacity resulted from the auto accident and from no other cause. Pleadings in other actions which contain statements inconsistent with the party's present position are receivable as admissions. *St. Paul Fire and Marine Insurance Co. v. Murphree*, 163 Tex. 534, 357 S.W.2d 744 [1962]; *Bolin Oil Co. v. Staples*, 496 S.W.2d 167 (Tex.Civ.App.— Ft. Worth 1973, writ ref'd n. r. e.); *Bonham v. Baldeschwiler*, 533 S.W.2d 144 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

■ There is another reason why appellants' first point of error is not good. Both appellees pled that the negligence of each plaintiff was imputed to the others under the doctrine of "joint venture." On this issue appellees' burden was to prove that the three appellants had a joint interest in the object and purpose of the trip and an equal right, express or implied, to direct and control each other in the operation of the vehicle. The cross examination of Mrs. Sell concerning the purpose of the trip and the nature of the conference in Oberlin, Ohio, was proper on the "joint venture" issue. In that cross-examination Mrs. Sell testified that she attended the Oberlin, Ohio, conference to further her political activity and her own campaign for public office in the summer of 1972, that during that conference the presidential campaign of the Socialist Workers Party was launched and a public meeting was held to announce the candidates. Mrs. Sell attended that meeting, which had some connection with her own campaign for office in 1972. She expected Eric Sell and Katherine Stallworth to support her in that campaign. There was also other evidence on the issue of "joint venture," such as the sharing of automobile expenses and the driving. All the evidence detailed above was admitted properly and without objection and in effect advised the jury of the political beliefs and affiliations of the appellant, Evelyn Sell.

■ Finally, we hold that if there was any error in permitting such cross-examination of Mrs. Sell, it was harmless error under Tex.R.Civ.P. 434, which provides that no judgment shall be reversed unless the error of which appellant complains "amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

Appellants have the burden of affirmatively showing probable improper judgment. *Ramirez v. Wood*, 577 S.W.2d 278, 289 [Tex.Civ.App.—Corpus Christi 1978, no writ]. Appellants must convince the court from a review of the entire record that a

different verdict probably would have been returned if the evidence of which they complain had been excluded. *Schwab v. Bexar County*, 366 S.W.2d 952, 954–55 [Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.]. That burden has not been sustained. Appellants have not shown that a different verdict probably would have been rendered nor does an independent examination of the record lead to the conclusion that were this case tried again without the evidence of which appellants complain, the liability findings would be different. In addition, the evidence that appellants wish to exclude is merely cumulative of evidence and impressions left with the jury of which appellants are in no position to complain. As such, its admission was harmless since, being cumulative, it did not affect the judgment. *Best Steel Bldgs., Inc. v. Hardin*, 553 S.W.2d 122, 130 [Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.].

For all the reasons discussed above we overrule appellants' first point of error.

In their second point of error appellants claim the trial court erred in refusing to submit the special issues requested by appellants. Twenty-two special issues were requested by appellants and refused by the trial court. These issues were divided into four separate groups, two of which inquired concerning Mel Croan, Inc.'s alleged negligence and two inquired concerning C. B. Smith's alleged negligence.

The first group of issues asked whether the right, rear tire had a dangerous or potentially dangerous tread wear pattern on the occasion when Mrs. Sell brought her Volkswagen in for service at Mel Croan and, conditioned on an affirmative answer to that question, whether Mel Croan employees failed to detect or discover such condition and whether such failure was negligence and a proximate cause of the accident in question. Also conditioned on an affirmative answer to the first requested issue in that group, two issues inquired whether the failure of Mel Croan employees to warn Mrs. Sell of such condition was negligence and a proximate cause of the accident.

Tex.R.Civ.P. 279 provides in part as follows:

"Where the court has fairly submitted the controlling issues raised by such pleadings and the evidence, the case shall not be reversed because of the failure to submit other and various phases and different shades of the same issue."

■ In its charge to the jury the trial court submitted one series of issues which inquired whether the right rear tire on Mrs. Sell's vehicle had a "dangerous tire wear pattern" on the occasion when Mrs. Sell brought it in for service at Mel Croan, Inc. and, conditioned on an affirmative answer to that issue, whether employees of Mel Croan failed to discover such condition and whether such failure was negligence and a proximate cause of the occurrence in question.

The only difference between the issues actually submitted and those requested by appellants was that those submitted did not include the words "potentially dangerous."

The crux of appellants' case was that there was something wrong with the right rear tire of Mrs. Sell's automobile on various occasions when the two appellees had opportunities to observe the tire and that they were negligent in failing either to remedy the situation or advise Mrs. Sell about it so that she could do something about it. It is quite clear that the question of whether the tire had a potentially dangerous tire wear pattern at a particular time is merely a shade or phase of the question of whether the tire had a dangerous tire wear pattern at said time; and, therefore, the trial court properly refused to submit the first group of issues requested by appellants. *Prudential Insurance Co. v. Tate*, 162 Tex. 369, 347 S.W.2d 556 [1961]; *Holmes v. J. C. Penney Co.*, 382 S.W.2d 472 [Tex.1964]; *Davis v. Gibson Products Co.*, 505 S.W.2d 682 [Tex.Civ.App.—San Antonio 1973, writ ref'd n. r. e.]; *Seeley v. Eaton*, 506 S.W.2d 719 [Tex.Civ.App.—Houston, [14th Dist.] 1974, writ ref'd, n. r. e.].

■ A second group of issues directed at conduct on the part of Mel Croan, Inc.

inquired whether the right rear tire of Mrs. Sell's vehicle was adjusted in negative camber in excess of factory specifications on the occasion when Mrs. Sell brought the car in for service at Mel Croan and, if so, whether Mel Croan employees failed to detect or discover such condition and whether such failure was negligence and a proximate cause of the accident.

A third group of requested issues, similar to those in the second group, was directed at C. B. Smith Volkswagen and the conduct of its employees on the occasion when Mrs. Sell brought her vehicle in to C. B. Smith for service.

Tex.R.Civ.P. 279 requires the trial court to submit "the controlling issues made by the written pleadings and the evidence...."

■ A controlling issue is one essential to the right of action or matter of defense. *Dreeben v. Sidor,* 254 S.W.2d 908 [Tex.Civ. App.—Amarillo 1952, writ ref'd, n. r. e.]. In contrast an evidentiary issue is one that may properly be considered by the jury in deciding the controlling issue, but it is not a controlling issue itself and, therefore, need not be submitted. *Witchita Falls and Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 135 S.W.2d 79 [1940].

The controlling issue in the case, at least as regards the matter raised by the second and third groups of requested issues, was not whether the tire was adjusted in negative camber and whether such maladjustment caused the accident. Although considerable testimony was elicited as to whether the cause of the eventual tire failure was negative camber of long duration or improper toe of relatively recent origin, such testimony was only evidentiary of the controlling issues of whether any dangerous condition existed in the tire that either Mel Croan, Inc. or C. B. Smith Volkswagen was negligent in failing to discover and whether the auto was defective when it was sold. These controlling issues were submitted to the jury by Special Issues No. 5–12 on negligence and 25–28 on product defect.

Therefore, the trial court did not err in refusing to submit the second and third groups of requested issues.

The fourth group of requested issues applied to C. B. Smith Volkswagen and dealt again, in slightly different fashion, with the issue of negative camber adjustment of the right rear wheel or suspension. For the same reasons as set forth above with respect to the second and third groups of requested issues, we hold that the fourth group of issues presented only evidentiary and not controlling issues and the trial court properly refused to submit them.

■ In their third and final point of error appellants claim the trial court erred in submitting a number of special issues concerning alleged contributory negligence on the part of each of the appellants. Even if it was error to submit issues on contributory negligence, which we do not decide, it would still not call for a new trial since the jury did not find the appellees liable on the primary negligence issues. The asserted error of submitting contributory negligence issues, therefore, played no role in the rendition of the judgment. Thus, under Tex.R. Civ.P. 434, it is not a ground for a new trial. *Brown and Root, Inc. v. Haddad,* 142 Tex. 624, 180 S.W.2d 339, 342 [1944]; *Patterson v. East Texas Motor Freight Lines,* 349 S.W.2d 634, 637 [Tex.Civ.App.—Beaumont 1961, writ ref'd, n. r. e.].

Having considered and overruled all of the appellants points of error, we affirm the judgment of the court below.