Maria C. SOTO, Appellant,

v.

SOUTHERN LIFE & HEALTH
INSURANCE COMPANY,
Appellee.

No. 13–88–524–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Armando Barrera, Barrera & Barrera, Alice, for appellant.

Andrew J. Lehrman, Sorrell, Anderson & Lehrman, Corpus Christi, for appellee.

Before UTTER, SEERDEN, and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Maria C. Soto, appellant, brought suit against the Southern Life & Health Insurance Company, appellee, to collect $4,000.00 in benefits as the beneficiary of a life insurance policy which appellee issued to her now deceased husband, Jesus G. Soto. Appellee denied liability based on misrepresentations made on the application for insurance regarding Mr. Soto's condition of health and plead the affirmative defense of misrepresentation and fraud. A jury subsequently found that Mr. Soto had represented in the application for life insurance that (1) he was in good health and free

from all disease; (2) he had not been under observation or treatment in a clinic or hospital between May 23, 1980 and May 23, 1985; (3) he had not been attended by a physician between May 23, 1982 and May 23, 1985; and (4) he had no physical defect or infirmity in the form of lung disease. The jury further found that both Mr. Soto and appellant knew these representations were false and that they were intended to induce or deceive appellee into issuing Mr. Soto a life insurance policy. The jury also found that these representations were material to the risk and that appellee would not have issued the life insurance policy had it known the true state of Mr. Soto's health. Based on these findings, the trial court ordered that appellant take nothing by her suit. We affirm the judgment of the trial court.

Appellant does not challenge the sufficiency of the evidence to support the jury's findings, so no recitation of the supporting evidence is necessary.

By her first point of error, appellant contends the trial court erred in denying her motion for a directed verdict. Appellant asserts that appellee failed to plead and prove that the insured made the alleged false misrepresentations in the application for life insurance willfully and with the intent to deceive and defraud appellee.

■ The overruling of a motion for a directed verdict will be reviewed on appeal *only* if it was recited in a formal order or in the judgment. *Vista Chevrolet, Inc. v. Lewis,* 704 S.W.2d 363, 367 (Tex.App.—Corpus Christi 1985), *affirmed in part and reversed in part,* 709 S.W.2d 176 (Tex. 1986); *Superior Trucks, Inc. v. Allen,* 664 S.W.2d 136, 145 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Steed v. Bost,* 602 S.W.2d 385, 387 (Tex.Civ.App.—Austin 1980, no writ); *Southwestern Materials Co. v. George Consol, Inc.,* 476 S.W.2d 454, 455 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). The record before this Court is devoid of any such recitation. Appellant, therefore, has not preserved her complaint for review on appeal. We overrule her first point of error.

By her second point of error, appellant contends the trial court erred in refusing to submit her requested jury issue. This issue inquired whether Enrique Nava, appellee's agent, wrongfully misrepresented to appellee the answers provided by appellant in her husband's application for life insurance. Appellant states that she testified at trial that she provided Mr. Nava the information for the application, that she informed him of Mr. Soto's hospitalization, illness, and physician name, but that she did not read the application before she signed it. Appellant argues that Mr. Nava failed to write the correct information on the application.

■ A trial court may only refuse to submit a special issue when there is no evidence to support its submission. *Brown v. Goldstein,* 685 S.W.2d 640, 641 (Tex. 1985); *Garza v. Alviar,* 395 S.W.2d 821, 824 (Tex.1965). All controlling issues raised by written pleadings and the evidence must be submitted, even though the evidence may be factually insufficient to support an affirmative answer. *Hylander v. Groendyke Transport, Inc.,* 732 S.W.2d 692, 694 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Wenzel v. Rollins Motor Co.,* 598 S.W.2d 895, 902 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); Tex.R.Civ.P. 279. A "controlling issue" is one which, if answered favorable to the theory in which it is presented, will support a basis for judgment for the proponent of the issue. *Gomez v. Franco,* 677 S.W.2d 231, 234 (Tex.App.—Corpus Christi 1984, no writ); *Stone v. Metro Restaurant Supply, Inc.,* 629 S.W.2d 254, 256 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In contrast, an "evidentiary issue" is one that may be properly considered by the jury in deciding the controlling issue, but it is not a controlling issue itself and, therefore, need not be submitted. *Wichita Falls & Oklahoma Railway Co. v. Pepper,* 135 S.W.2d 79, 84 (Tex.1940); *Sell v. C.B. Smith Volkswagen, Inc.,* 611 S.W.2d 897, 903 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

■ In this case, the controlling issue was whether Jesus G. Soto, by way of

appellant,[1] intentionally misrepresented the condition of health answers in Mr. Soto's application for life insurance. An affirmative finding on this issue could support a basis for judgment and preclude any recovery under the life insurance contract. Appellant's requested issue, on the other hand, merely seeks to negate or disprove appellee's affirmative defense and would not, by itself, support a basis for judgment. In fact, appellant's requested issue was an inferential rebuttal issue because it presented a contrary or inconsistent theory from the affirmative defense being asserted by appellee. Tex.R.Civ.P. 277 expressly provides that inferential rebuttal issues should not be submitted to the jury. *Select Insurance Co. v. Boucher,* 561 S.W.2d 474, 477 (Tex.1978); *Gomez,* 677 S.W.2d at 234; *Sell,* 611 S.W.2d at 903. Moreover, even if appellant could claim some form of waiver defense based on appellee's soliciting agent's acts, appellant failed to set out this defense in its pleadings. *Cf. A.W. Washington v. Reliable Life Insurance Co.,* 581 S.W.2d 153, 157 (Tex.1979); Tex.R.Civ.P. 278. Therefore, the trial court did not err in refusing to submit appellant's requested issue. We overrule appellant's second point of error.

■ By her fourth point of error, appellant contends the trial court erred in submitting special issue number seven to the jury because appellee failed to plead or prove a willful intent to deceive. This issue inquired whether appellant, at the time she assisted Jesus G. Soto in filling out the application, was aware of any of the following: (1) that Jesus G. Soto was not in good health and free from all disease; (2) that Jesus G. Soto had, within May 23, 1980 and May 23, 1985, been under observation or treatment in a clinic or hospital; (3) that Jesus G. Soto had been attended by a physician between May 23, 1982 and May 23, 1985; and (4) that Jesus G. Soto did have a physical defect or infirmity in the form of lung disease.

Appellee complains that appellant failed to preserve error on this point because appellant only made a general objection on the grounds stated above and failed to tender a question in proper form. The record reflects, however, that appellant was not objecting to any particular defect in the special issue, but rather to its submission altogether. We hold, therefore, that appellant has preserved error.

All controlling issues raised by the pleadings and any evidence must be submitted to the jury. In this case, appellee's pleadings clearly alleged the affirmative defense of misrepresentation and fraud. Fraud has been construed under the Insurance Code to mean a misrepresentation made willfully and with intent to deceive the insurer. *American Central Life Insurance Co. v. Alexander,* 56 S.W.2d 864, 866 (Tex. Comm'n App.1933, opinion affirmed); *Pioneer American Insurance Co. v. Meeker,* 300 S.W.2d 212, 214–15 (Tex.Civ.App.— Fort Worth 1957, writ ref'd n.r.e.).

Likewise, there is some evidence to show that appellant, and not Mr. Soto, actually gave Mr. Nava the information for the application, that appellant signed Mr. Soto's name to the application, and that she did not read the application before signing it. Appellant further admitted that the answers to the "good health" questions on the application and which were the subject to this special issue were incorrect. Lastly, there is some evidence to show that she was aware of Mr. Soto's true health condition and the circumstances surrounding it and that she therefore willfully intended to deceive appellee into issuing Mr. Soto a life insurance policy.

We conclude that there were sufficient pleadings and proof to submit special issue number seven. We overrule appellant's fourth point of error.

By her third point of error, appellant contends the trial court erred by instructing the jury in the court's charge that "a 'misrepresentation' may consist either of words or other conduct which, under the

---

1. The record reveals that appellant was the one who actually gave Mr. Nava the information for Mr. Soto's application and that appellant signed Mr. Soto's name onto the application. It was disputed whether Mr. Soto was present at the time.

circumstances, amount to an assertion not in accordance with the facts. A statement may constitute a misrepresentation whether it is innocently or intentionally made. Thus, a person who makes representations innocently believing them to be true when they are, in fact, false, is charged in law with misrepresentation regardless of his knowledge of the falsity or his intention to deceive." By her fifth point of error, appellant contends that the trial court erred by submitting special issue number eight. This issue asked the jury whether Mr. Soto was negligent in misrepresenting the answers to the good health questions in the application for life insurance. Specifically, appellant complains that these submissions permitted a finding favorable to appellee without requiring knowledge of the falsity of the declarations or the willful intention to deceive or defraud appellee.

■■■ To avoid a policy of insurance because of misrepresentations, the burden is on the insurer to plead and prove: (1) the making of a representation by the insured; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured in making same; and (5) the materiality of the representation. *Mayes v. Massachusetts Mutual Life Insurance Co.,* 608 S.W.2d 612, 616 (Tex.1980); *Southern Life & Health Insurance Co. v. Medrano,* 698 S.W.2d 457, 461 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). Therefore, it is incumbent upon the insurer to prove that the insured made some material misrepresentation "willfully and with design to deceive or defraud," as an element of this defense. *Haney v. Minnesota Mutual Life Insurance Co.,* 505 S.W.2d 325, 328 (Tex.1974); *Allen v. American National Insurance Co.,* 380 S.W.2d 604, 607–608 (Tex.1964); *see also Republic–Vanguard Life Insurance Co. v. Walters,* 728 S.W.2d 415, 418 (Tex.App.—Houston [1st Dist.] 1987, no writ); *Allied Bankers Life Insurance Co. v. Cerda,* 584 S.W.2d 529, 533–34 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Bynum v. Signal Life Insurance Co.,* 522 S.W.2d 696, 698 (Tex.Civ.App.— Dallas 1975, writ ref'd n.r.e.). In short, false statements which are made negligent-

ly, carelessly or by mistake are not sufficient to avoid a life insurance policy where the defense is based upon the insured's misrepresentation of a material fact. *Haney,* 505 S.W.2d at 328; *Allen,* 380 S.W.2d at 608.

Although several decisions have previously cited the rule to include answers which the insured knew or *should have known* were untrue, the Texas Supreme Court in *Allen* expressly held that the "should have known" language was not proper because it contemplates negligence and would be so understood by the jury. *Allen,* 380 S.W.2d at 608. We conclude, therefore, that there is no affirmative defense of negligent misrepresentation in Texas regarding avoidance of life insurance policies and that the trial court erred by including the above definition of misrepresentation and special issue in the charge to the jury.

■■■ However, after carefully reviewing the entire record, we hold that the trial court's error was not reasonably calculated to cause nor probably did cause the rendition of an improper verdict. Tex.R.App.P. 81(b)(1); *see also Haney,* 505 S.W.2d at 328. The jury also found that appellant and Mr. Soto knew that the representations were false and that they were intended to induce or deceive appellee into issuing Mr. Soto a life insurance policy. Therefore, we conclude that the error was harmless. We overrule appellant's third and fifth points of error.

The judgment of the trial court is AFFIRMED.