UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

97-50256
_____

THE ESTATE OF MICHAEL W. HICKS, DECEASED
and CATHERINE HICKS

Plaintiffs-Appellees,

versus

ARMED FORCES BENEFIT ASSOCIATION, a/k/a
ARMED FORCES RELIEF AND BENEFIT ASSOCIATION,
and JOHN HANCOCK MUTUAL LIFE INSURANCE CO.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Texas
(EP-96-CV-305)
_____

April 7, 1998

Before DAVIS, JONES, and DENNIS, Circuit Judges:

PER CURIAM:[*]

Appellants Armed Forces Benefit Association and John Hancock Mutual Life Insurance Co. appeal from a district court judgment granting appellees Catherine Hicks and the estate of Michael Hicks the proceeds of a life insurance policy. For the following reasons, we AFFIRM.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## A. BACKGROUND

On June 12, 1990, Michael Hicks and his wife Catherine Hicks applied for a $50,000 insurance policy on Michael's life. The policy was provided by the Armed Forces Benefit Association and underwritten by the John Hancock Mutual Life Insurance Company. Although this policy did not require the insured to undergo a medical examination, Michael and Catherine were required to sign an application in which they certified that Michael "had no incidence of drug or alcohol abuse, nor ever consulted, been treated by a physician or hospitalized for any injury, illness, or medical condition." Even though Michael had a history of drug abuse, Michael and Catherine signed the application, and, on June 25, 1990, the policy was approved.

In September of the same year, Michael was hospitalized and diagnosed HIV positive. In June 1992, Michael died of complications arising from AIDS.

After the appellants refused to pay the death benefits under the insurance policy, Catherine Hicks and the Estate of Michael Hicks filed suit in state court. The appellants removed the case to federal court under diversity jurisdiction and denied liability. The appellants raised the affirmative defense of misrepresentation and sought to have the policy rescinded based upon false statements contained in the application for insurance.

Following a bench trial, the district court found that Michael had a history of drug and alcohol abuse and was

hospitalized on various occasions for substance abuse treatment. The district court also found that Michael and Catherine made material misrepresentations when they signed the life insurance application. Nevertheless, the district court held that "any misrepresentation made by the Plaintiffs in securing the issuance of the policy were as a result of carelessness in completing the application and were not made with the intent to deceive or defraud." The district court concluded that the false statements Michael and Catherine had made concerning Michael's drug and medical history did not authorize the appellees to rescind the life insurance policy. This appeal followed.

## B.  DISCUSSION

Under Texas law, an insurer must plead and prove five elements to rescind a policy because of the misrepresentation of an insured: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured in making same; and (5) the materiality of the representation. *See Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 282 (Tex. 1994); *Mayes v. Massachusetts Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980). Texas law is unique in that "an insured's intent to deceive must be shown in order for an insurance company to successfully raise a defense of misrepresentation on the basis of a false statement made by the insured on the application for any type of insurance." *Shelton*, 889 S.W.2d at 282; *see also Parsaie v. United Olympic Life*

3

*Ins.* Co., 29 F.3d 219, 220 (5th Cir. 1994) (Davis, J.) ("[A]n insurer may rescind a policy based on the insured's misrepresentations only if the insurer can prove the insured's intent to deceive."). Thus, "it is incumbent upon the insurer to prove that the insured made some material representation 'willfully and with design to deceive or defraud,' as an element of the defense." *Soto v. Southern Life & Health Ins. Co.*, 776 S.W.2d 752, 756 (Tex. App.--Corpus Christi 1989, no writ) (citing *Allen v. American Nat'l Ins. Co.*, 380 S.W.2d 604, 607-08 (Tex. 1974); *Haney v. Minnesota Mutual Life Ins. Co.*, 505 S.W.2d 325, 328 (Tex. Civ. App.--Houston [14th Dist.] 1974, writ ref'd n.r.e.).

In this case, the district court found -- and we agree -- that the appellants have failed to establish the intent to deceive. Michael and Catherine agreed to meet and discuss purchasing life insurance from the appellants after they had received an unsolicited phone call from William Schilling, a sales agent for the Armed Forces Benefit Association. The soliciting materials stated that no medical examination would be required for the policy to be approved provided the applicant did not have a health problem. The Hicks's decided to purchase $50,000 in coverage for $4.00 per month, even though it was Catherine's understanding that they could purchase additional $50,000 increments in coverage for $4.00 per increment per month. Michael orally answered questions posed by the sales agent, who completed the application. Michael then signed the policy to confirm his answers. He never read the

4

application. Appellees understood the agent's question concerning hospitalization to mean physical sicknesses, injuries, illnesses, or diseases. They did not comprehend that the sanitarium-type drug treatment Michael had received constituted hospitalization, nor did they perceive Michael to be sick, ill, or diseased at the time of the application. They considered drug treatment to be counseling rather than medical treatment. Finally, Michael Hicks had regularly carried life insurance through various employers in earlier years. He was without life insurance in June 1990 because he was currently unemployed. There is no indication that he was motivated to purchase life insurance by any perception that his life was in danger.

Although their conduct might be deemed incautious, or even negligent, it does not demand a finding that Michael and Catherine acted with the willful intention to deceive the insured. In particular, their perception that they might have purchased more insurance for nominal additional monthly charges -- even if incorrect -- is not disproved by the brochure they were given and supports a finding of no intent to deceive. "In short, false statements which are made negligently, carelessly or by mistake are not sufficient to avoid a life insurance policy where the defense is based upon the insured's misrepresentation of a material fact." *Soto*, 776 S.W.2d at 756; *see also Parsaie*, 29 F.3d at 221 (rejecting argument that under Texas law "a misrepresentation need

5

not be intentional so long as it induces the insurer to issue the policy").

Appellants argue that "[i]n cases such as this, in which the falsity and materiality of the insured's representations are admitted, the requisite intent [to deceive] is established by proof of circumstances that render the insured's denial of intent implausible."  Because Michael revealed that he had a history of drug abuse when he was admitted to the hospital in September 1990, the appellants contend that his conduct could hardly be described as careless.  Meanwhile, they charge that Catherine either knew of her husband's drug abuse or intentionally chose to remain ignorant.

Even if appellants are correct that Michael's and Catherine's conduct was more than simply careless, this does not prove an intent to deceive.  At most, appellants have established that Michael and Catherine knowingly made false statements on the application for health insurance.  But as Texas courts have repeatedly held, the fact that the insurance company proved the insured knowingly misrepresented his health condition is insufficient to establish an intent to deceive as a matter of law. *See, e.g., Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 432-33 (Tex. App.--San Antonio 1993, writ denied). Although on the basis of this evidence a factfinder might have found an intent to deceive, we hold that the appellants have failed to prove clear error or to satisfy their burden of proof to establish an intent to deceive as a matter of law. *See id.* at 433;

6

*see also Flowers v. United Ins. Co. of Am.*, 807 S.W.2d 783, 786 (Tex. App.--Houston [14th Dist.] 1991, no writ); *Estate of Diggs v. Enterprise Life Ins. Co.*, 646 S.W.2d 573, 575-76 (Tex. App.-- Houston [1st Dist.] 1982), *reh'g denied*, 657 S.W.2d 813 (1983, writ ref'd n.r.e.).

For the foregoing reasons, we **AFFIRM**.