**OVERSEAS MOTORS CORPORATION,**
Appellant,

v.

**FIRST CENTURY CHRISTIAN CHURCH, INC., Appellee.**

**No. 20421.**

Court of Civil Appeals of Texas, Dallas.

Oct. 22, 1980.

R. Brent Keis, Hudson, Keltner, Smith, Cunningham & Payne, Fort Worth, for appellant.

Terence J. Murphy, Dallas, Banker Phares, Phares, Phares & Bass, Port Arthur, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an action by plaintiff First Century Christian Church, Inc. against defendant Overseas Motors Corporation for breach of an express warranty covering a 1974 Rolls Royce automobile. The jury answered the four submitted special issues in favor of plaintiff, and the trial court rendered judgment against defendant for $18,000. Defendant argues there is no evidence or insufficient evidence to support the jury's answers to special issues 2 and 3 and that the trial court erred in trebling the damages under the Deceptive Trade Practices Act. We reverse and remand.

■ Special issue number 2 asked of the jury:

Do you find from a preponderance of the evidence that Overseas Motors Corporation failed to make necessary repairs of the defects, if any, found to exist in the automobile in question?

The jury answered this issue "We do." Defendant's point of error alleges the evidence is insufficient to support this issue. We do not agree. There was evidence that defects in material and workmanship existed in the automobile, and the jury so found in response to special issue number 1 which is not challenged here. There was evidence that the automobile had been taken to defendant for repairs on numerous occasions and that the defects had not been repaired. Considering and weighing all of the evidence in the case, we do not find that the jury's answer to special issue number 2 is so against the great weight and preponderance of the evidence as to be manifestly unjust.

Defendant's argument under this point is that the evidence is insufficient to show that it was obligated under the express warranty (of Rolls Royce, Inc.) and thus there is insufficient evidence that it failed to make necessary repairs. Defendant apparently is objecting to the issue because it assumes that defendant had a duty to make repairs. No such objection was made to the issue in the trial court. Having failed to object to the issue on this basis, defendant waived the error, if any, and its argument is not properly before this court. Tex.R. Civ.P. 274; *Allen v. American National Insurance Co.*, 380 S.W.2d 604, 609 (Tex.1964).

■ In connection with special issue number 3, the court instructed the jury:

If you find from a preponderance of the evidence that Overseas Motors Corporation failed to make necessary repairs of the defects, if any, existing during the warranty period, then the only damages that First Century Christian Church, Inc. would be entitled to recover would be limited to the difference between the value of he automobile accepted and the value it would have had as warranted.

Special issue number 3 asked the jury to find from a preponderance of the evidence the difference in value, if any, as instructed. The jury answered $6,000, and this amount was trebled by the trial court. Defendant argues that there is no evidence or insufficient evidence to support the jury's answer of $6,000. At oral argument of this case, defendant conceded that the purchase price could be taken as evidence of the value the automobile would have had if it had been as warranted. Thus, the only question before us is whether there is evidence of the value of the automobile as accepted. As evidence of the value of the automobile accepted, plaintiff points to the evidence of the value at the time of trial and contends that since there was also evidence that a Rolls Royce is a unique chattel that appreciates, rather than depreciates, in

value, this evidence is sufficient to show the automobile's value at the time of acceptance some four years prior to trial. Other than the evidence of value at the time of trial, the evidence that generally a Rolls Royce appreciates in value, and the inference plaintiff draws from this direct evidence, there is no evidence of value at the time of acceptance. While we cannot say that this evidence and the inference drawn therefrom is no evidence, we are of the opinion that it is insufficient evidence to support the verdict, and thus, we reverse the trial court. *In re King's Estate*, 150 Tex. 662, 244 S.W.2ᵈ 660 (1951).

Since further development of the evidence on the issue of damages is required, we remand the cause to the trial court. Having reversed the trial court on the issue of damages, we do not reach defendant's argument that the trial court erred in trebling those damages.

Reversed and remanded.