**BLUE ISLAND, INC., Appellant,**

**v.**

**Carole June TAYLOR, Appellee.**

**No. 13–85–053–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 12, 1985.

Rehearing Denied Jan. 9, 1986.

Chet L. Wheless, Jr., Dallas, for appellant.

James E. Shepherd, Richardson, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from an adverse judgment in a Deceptive Trade Practices action. Blue Island, Inc., brought suit against Ms. Taylor for the unpaid portion of the cost of a spa she purchased. Ms. Taylor counterclaimed for damages caused by Blue Island's acts in violation of the Deceptive Trade Practices—Consumer Protection Act (DTPA), TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon Supp.1985). The jury found that Blue Island violated the DTPA and found actual damages of $2,225.00 and additional damages of $1,200. Judgment was rendered on the verdict for $5,425.00 damages and $6,000 attorney's fees, with interest and costs of court.

Appellant's first point of error alleges that the trial court erred in submitting a special issue on the amount of additional damages, if the jury found that Blue Island acted "knowingly," without instructing the jury that the first $1,000.00 of actual damages by law would be tripled.

Initially we note that the DTPA provides for the doubling of the actual damages that do not exceed $1,000. This doubled amount is then added to the first $1,000 of actual damages and the effect is that of trebling the first $1,000. *Jim Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 241 (Tex. 1985). Section 17.50(b)(1) of the DTPA provides that each consumer who prevails may obtain:

> (1) the amount of actual damages found by the trier of fact. In addition the court shall award two times that portion of the actual damages that does not exceed $1,000. If the trier of fact finds that the conduct of the defendant was committed knowingly, the trier of fact may award

not more than three times the amount of actual damages in excess of $1,000.

TEX.BUS. & COM.CODE ANN. § 17.-50(b)(1) (Vernon Supp.1985).

■ The jury, as the trier of fact, has only to determine the amount of actual damages and, if defendant's conduct was committed knowingly, the amount of additional damages they may wish to award, if any. This award of additional damages depends on the jury's assessment of the violator's culpability. The monetary limits within which the jury may exercise its discretion are narrow: up to three times actual damages, but it may assess no damages other than actual unless it finds that the violator "knowingly" violated the act.

■ The purpose of the additional damages is to punish the wrongdoer for knowingly violating the act. A violation without "knowledge," being subject to the trial judge's automatic doubling of the initial $1,000, is punished by the doubling; whereas the more serious "knowing" violation is subject to more severe damages.

■ We view the trial judge's mandated action in doubling the first $1,000 in damages as establishing a minimum punishment, even though the violation was not made knowingly. The jury's assessment of the guilt of the violator is the main factor in its award of the amount of discretionary damages. We believe that informing the jury of the minimum extra damages as established by law and exercised by the trial judge would not aid the jury in determining the degree of culpability nor the amount of discretionary damages to assess.

Our federal courts have addressed a similar issue in antitrust cases and held that the court is not required to disclose to the jury the fact that damages will be trebled. The federal courts have reasoned that such a disclosure has no relevance to the jury's determinations; may cause the jury to adjust recovery downward in order to compensate for the increased award; or may be interpreted by a jury as a signal to restrict damages. Any such action by the jury would defeat the policy behind the trebling provision, which is to deter violations and to encourage private enforcement of the laws. *See Heatransfer Corporation v. Volkswagenwerk, A.G.*, 553 F.2d 964, 989 (5th Cir.1977); *Lehrman v. Gulf Oil Corporation*, 500 F.2d 659, 667 (5th Cir.1974); *Pollock & Riley, Inc. v. Pearl Brewing Company*, 498 F.2d 1240, 1242–43 (5th Cir.1974).

■ We agree with the sound rationale of our federal courts and hold that the trial court did not err in refusing to instruct the jury on the automatic award of double the actual damages that do not exceed $1,000. Appellant's first point of error is overruled.

Appellant's second point of error alleges that the trial court erred in rendering judgment against appellant for attorney's fees because the jury was not requested to determine the amount of reasonable *and necessary* attorney's fees. The court's charge asked the jury to determine the amount of a reasonable attorney's fee. Appellant contends that the exclusion of the words "and necessary" make the charge erroneous since the DTPA provides for the recovery of "reasonable and necessary attorney's fees." TEX.BUS. & COM.CODE ANN. § 17.50(d) (Vernon Supp.1985).

■ Appellant objects to the wording of this special issue for the first time on appeal. The law is settled that a failure to object to the wording of a special issue at trial constitutes a waiver of the complaint on appeal. *Allen v. American National Insurance Co.*, 380 S.W.2d 604 (Tex.1964); *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 867 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Roth v. Law*, 579 S.W.2d 949, 955 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.); TEX.R.CIV.P. 272, 274, 279. Appellant's second point of error is overruled.

The judgment of the trial court is AFFIRMED.