**WYNN OIL COMPANY,**
Plaintiff-Appellee,

v.

**PUROLATOR CHEMICAL CORPORA-TION, etc., et al., Defendants,**

**L. J. Adams and Frank D. Newman,**
Defendants-Appellants.

No. 74–3183.

United States Court of Appeals, Fifth Circuit.

July 30, 1976.

---

Murray Sams, Jr., R. Thomas Farrar, Miami, Fla., for Adams and Newman.

John F. Corrigan, Jacksonville, Fla., for plaintiff-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendants Adams and Newman were enjoined by the district court from participating in certain anticompetitive acts against Wynn Oil Company. The defendants urge that (1) the injunction should be vacated for failure of the trial court to make findings of fact and conclusions of law or to state the reasons for its issuance; (2) the injunction should be reversed as being based on an erroneous advisory verdict; and (3) the trial court abused its discretion by entering certain provisions of the decree which were anticompetitive, violative of First Amendment rights, based on insufficient evidence and without proper regard to injunctive prerequisites or defenses. Paragraph (e) of the injunction restraining defendants from "slandering and disparaging the Wynn Oil Co. and its products" is indeed too vague for enforcement. Finding no other reversible error, however, we affirm the district court's issuance of the injunction, modified by the deletion of paragraph (e) therefrom.

In 1959 Adams, one of the defendants, began selling Wynn Oil products as an independent distributor in Florida and Georgia. By 1964 Adams owned the distributorship and by 1968, with the inclusion of Mississippi, he became the largest distributor in the southeast. Adams became disenchanted with Wynn and started negotiations with the Purolator Chemical Corporation to sell his distributorship and to allow Purolator to enter the field of chemical additives. In 1971 Purolator entered the automobile petro-chemical additive industry by acquiring the assets of Adams' company through a subsidiary. Adams allegedly engaged in attempts to raid distributors from Wynn, destroy its reputation and commit various acts against Wynn in violation of the anti-trust laws. Defendant Newman was the attorney for Adams and at one point owned 49 percent of the Adams' company stock. The district court granted an injunction against the defendants and they appeal.

The first issue involves whether the district court's order substantially complied with Rule 52(a) of the Federal Rules of Civil Procedure which requires a separate finding of fact and law. While Rule 52(a) does in fact require specific finding of fact and conclusions of law by the court, it further provides that if a memorandum opinion is filed, it is sufficient that the conclusions of fact and law appear therein. *Kelley v. Everglades Drainage Dist.,* 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943). *See also Gilbert v. Sterrett,* 509 F.2d 1389 (5th Cir. 1975); 5A J. Moore, *Federal Practice* ¶ 52.06[2] (2d ed. 1975). The purpose of Rule 52(a), pertinent to injunctions, is to provide the appellate court with a clear understanding of the decision. *See, e. g.,*

86

*Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508 (5th Cir. 1969). After studying the district court's memorandum opinion, we find that it provides a sufficiently clear understanding of the decision and satisfies the mandate of Rule 52(a).

■ Defendants argue that since the court treated the findings of the jury as controlling, the court's decision is based on an erroneous advisory verdict. The court received the verdict in the form of answers to specific interrogatories. The trial court may regard such a verdict as it sees fit, is not bound by the findings, and is free to adopt them in whole or in part or totally disregard them. *Sheila's Shine Products, Inc. v. Sheila Shine, Inc.*, 486 F.2d 114 (5th Cir. 1973). The district court in its discretion decided to accept the jury's findings. Defendants' argument that the jury verdict is not controlling is accurate but affords them no ground for reversible error.

■ Subsection (e) of the injunction which restrains defendants from "slandering and disparaging the Wynn Oil Co. and its products" is impermissively vague. The lack of specific findings in this regard makes it impossible to relate the broad language to specific acts. The acts enjoined are not clearly enough defined to exclude competitive acts not violative of the antitrust laws. Generally slander affords a remedy at law with entitlement to a jury. If however, an action at law would not be a complete, prompt and efficient remedy, an injunction may issue. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). The injunction must give the party adequate notice of the wrong enjoined. Professor Moore states that "[l]oose injunctive orders are neither easily obeyed nor strictly enforceable, and are apt to be oppressive. Hence Rule 65(d) further provides that every restraining order and injunction be specific in terms . . . .." 7 J. Moore, *Federal Practice* ¶ 65.11, at 65–103 (2d ed. 1975). *See Schine Chain Theatres, Inc. v. United States*, 334 U.S. 110, 126, 68 S.Ct. 947, 92 L.Ed. 1245 (1948); *cf. Gulf King Shrimp Co. v. Wirtz, supra.* Accordingly, the injunction is modified by deleting therefrom subsection (e).

■ We have reviewed the record in light of the argument that relief against Newman is not justified. Newman was (1) 49 percent owner of Adams and Company prior to its acquisition by Purolator; (2) legal counsel and advisor for Adams during negotiations to change from Wynn Oil to Purolator control; (3) helped to effect the sale of Adams and Company to Purolator; and (4) drafted the employment contract of a prospective employee of Purolator. We conclude that injunctive relief against him was justified under the circumstances of this case.

The order of the district court is in all other respects affirmed.

AFFIRMED AS MODIFIED.