**ROYAL AVIATION, INC.,**
**Plaintiff-Appellant,**

v.

**AETNA CASUALTY & SURETY CO., et al., Defendant-Appellee.**

**No. 84–1815.**

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1985.

---

apparent authority to bind insurer under Texas law.

McConwell & Sullivan, Edward A. McConwell, Overland Park, Kan., for plaintiff-appellant.

Strasburger & Price, Royal H. Brin, Jr., Dallas, Tex., for defendant-appellee.

Before REAVLEY and JOLLY, Circuit Judges, and MAHON *, District Judge.

REAVLEY, Circuit Judge:

## I.

United States Aviation Insurance Group (USAIG) brought this diversity action seeking declaratory judgment that it did not owe Royal Aviation, Inc. (Royal), an amalgamation of two corporations solely owned by Randolph Gillum, under an insurance

---

* District Judge of the Northern District of Texas sitting by designation.

policy USAIG had issued. Royal answered and counterclaimed seeking reformation of the insurance policy and damages for fraud, negligence, and deceptive trade practices. Then District Court Judge Hill granted USAIG summary judgment on all of Royal's counterclaims except reformation, which was tried before an advisory jury. The jury returned a verdict in favor of Royal. The district court ignored the jury's advisory verdict and denied reformation. We reverse in part the summary judgment and affirm in all other respects.

Royal, which is in the business of rebuilding and reselling damaged airplanes, purchased a damaged Cessna Citation airplane with financing through General Electric Credit Corporation. General Electric held a first lien on the airplane.

After the airplane was rebuilt, Royal entered into a lease/purchase agreement with Reliance Leasing, Inc. The agreement required Reliance to obtain insurance naming Royal as a loss payable beneficiary and General Electric as a breach of warranty beneficiary. Reliance contacted Aviation Assurance Agency (Assurance), an insurance broker, to obtain the necessary insurance. The binder and policy issued by USAIG provided, in part, $1,000,000 hull coverage with breach of warranty coverage in favor of General Electric and loss payable coverage for Royal. Breach of warranty coverage is unaffected by any breaches of the policy, whereas loss payable coverage is limited by any breach or violation of the policy.

The plane was damaged while being piloted by an unqualified Reliance pilot flying without a copilot, both breaches of the policy. Because the policy was breached, Royal, as a loss payee beneficiary, was not entitled to recover under the policy.[1]

## II.

In its first amended counterclaim, Royal alleged causes of action for fraud based on two separate factual allegations. First, Royal claimed that Assurance, acting as USAIG's agent, misrepresented to Royal that Royal was insured under a breach of warranty provision. Relying on this information, Royal released the airplane to Reliance. Royal was damaged when the plane crashed and Royal was not listed under the breach of warranty coverage.

In the district court's judgment granting USAIG's motion for summary judgment, the district court stated that Royal's claim depended on Assurance being USAIG's agent. Concluding that the evidence submitted by the parties showed conclusively that Assurance was not USAIG's agent, the court held that Royal could not prevail on its fraud claim and granted USAIG summary judgment.

 Royal argues that the district court erred in holding that Assurance was not USAIG's agent. We cannot agree. USAIG submitted evidence, unmet by Royal, that Assurance was merely a soliciting agent with no authority to bind USAIG. Under Texas law, a soliciting agent may not bind the insurer by a representation of coverage. *See Guthrie v. Republic National Insurance Co.*, 682 S.W.2d 634, 636 (Tex.App.—Houston 1984, writ ref'd n.r.e.). Therefore, the district court properly held that Assurance was not the agent of USAIG in stating to Royal that Royal was covered as a breach of warranty beneficiary.

Royal, however, presented evidence that it argues raised an issue that Assurance had the apparent authority to misrepresent to Royal that it was covered under a breach of warranty provision. Specifically, Royal presented a form issued by Assurance showing that the airplane was insured with USAIG and that Billy L. Duncan, the president of Assurance, was identified as "Authorized Representative." Royal further

---

1. Before oral argument, Royal directed this court's attention to *Puckett v. U.S. Fire Ins. Co.,* 678 S.W.2d 936 (Tex.1984), decided shortly after the trial in this case, which held that a loss payee beneficiary is unable to recover under the policy only if the breach or violation of the policy caused the accident. Because Royal never argued this theory at trial and assigned no error on appeal, this court will not address the issue.

submitted to the district court the deposition of a USAIG underwriter showing that she was aware that Duncan was listed there as "Authorized Representative."

■ To establish apparent authority under Texas law, one must establish that the purported principal engaged in conduct that would lead a reasonably prudent person to believe that the supposed agent has the authority that he purports to exercise. *Biggs v. United States Fire Insurance Co.*, 611 S.W.2d 624, 629 (Tex.1981). Both USAIG and Royal presented evidence that Royal had not seen the form on which Royal based its claim of apparent authority until after the alleged misrepresentation that Royal was a breach of warranty beneficiary. Therefore, USAIG, and Royal itself, presented evidence to the district court that at the time Assurance made the alleged misrepresentation, USAIG had neither acted nor failed to act so as to lead Royal to believe that Assurance had the authority to make the statement. Because there was uncontroverted evidence that Royal could not establish material apparent authority, summary judgment was proper on this fraud claim.

■ The second fraud claim in Royal's amended counterclaim is based on Royal's allegation that a USAIG claims agent misrepresented to Royal after the accident that Royal was covered under the policy as a breach of warranty beneficiary. Royal alleged that USAIG made the misrepresentation knowing it to be false to induce Royal to pay off General Electric, the lienholder and an actual breach of warranty beneficiary, so that USAIG would not have to pay General Electric under the policy. Royal then alleged that Royal prepaid the loan to General Electric, relying on USAIG's misrepresentation. Finally, Royal alleged that it was damaged when USAIG failed to pay under the policy as promised.

On appeal, Royal argues that the district court's summary judgment ignored this claim for fraud. After a full review of the record, we agree with Royal. In its motion for summary judgment, USAIG presented no proof to support a summary judgment on this claim; in fact, USAIG did not even address the claim. The court also failed to address this issue. The court focused on the agency of Assurance, whereas this claim is based on misrepresentation made by a USAIG claims agent. Because Royal pleaded a genuine issue of material fact and USAIG's evidence in support of its motion for summary judgment did not establish absence of the issue, summary judgment on this fraud claim was improper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970).

The above analysis also controls our disposition of the summary judgment on Royal's claim for deceptive trade practices. To the extent that Royal's claim encompasses acts by Assurance, summary judgment is affirmed. On the other hand, to the extent that the claim is based on actions by USAIG's claims agent after the accident, we must reverse the summary judgment. Neither USAIG nor the district court addressed this theory of Royal's claim. *See id.*, at 159–60, 90 S.Ct. at 1609–10, 26 L.Ed.2d at 155–156. Although Royal may not have a claim under the Texas Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. §§ 17.41–17.63 (Vernon Supp.1985), *see Rosell v. Farmers Texas County Mutual Insurance Co.*, 642 S.W.2d 278, 279 (Tex.App.—Texarkana 1982, no writ) (additional insured is not "consumer" entitled to bring action under Texas Deceptive Trade Practices Act), Royal may have a cause of action under Tex.Ins.Code Ann. art. 21.21, §§ 4, 16 (Vernon 1981), *see Hi-Line Electric Co. v. Travelers Insurance Co.*, 593 S.W.2d 953, 954 (Tex.1980) (indicating that nonconsumers injured by deceptive trade practices have cause of action under Insurance Code).[2]

---

**2.** Royal did not argue on appeal that the summary judgment on its negligence claim was improper and has apparently abandoned any claim based on negligence.

## III.

Royal next argues that the district court's judgment denying reformation was improper because it denied Royal its right to a jury trial guaranteed by the Seventh Amendment. Royal argues that whether there was a mutual mistake is a legal, as opposed to an equitable, issue that must be decided by a jury. If a jury finds that a mutual mistake had been made, according to Royal, the court would then decide whether reformation was justified. Furthermore, says Royal, the claim for damages on the reformed contract is a legal claim which overlaps with the equitable reformation claim.

 We see it differently. As Professors Wright and Miller correctly state:

A claim that a contract ... should be reformed [is] one for the court to decide.... If plaintiff seeks reformation and money damages on the contract as reformed, the court may decide whether to allow reformation but there is a right to jury trial on the reformed contract.... [I]f issues are common to the claim for reformation and the claim for recovery on the contract these are for the jury.

9 C. Wright & A. Miller, Federal Practice and Procedure § 2316, at 82–83 (1971). Accordingly, Royal's claim for reformation is a question for the court. Therefore, the court was free to disregard the advisory jury's finding. *See Wynn Oil Co. v. Purolater Chemical Corp.*, 536 F.2d 84, 86 (5th Cir.1976). After a careful review of the record, we cannot hold that the district court clearly erred in finding that Royal failed to prove with clear and convincing evidence that a mutual mistake was made. *See* Fed.R.Civ.P. 52(a); *Aetna Insurance Co. v. Paddock*, 301 F.2d 807, 811 (5th Cir.1962) (reformation requires clear and convincing proof that mutual mistake had been made).

The fact that the court should not have granted summary judgment on some of Royal's claims does not mean that Royal is entitled to a jury trial on the reformation claim. Royal's surviving claims for fraud and deceptive trade practices concern facts occurring after the crash of the airplane. The reformation claim, on the other hand, involves events occurring during the formation of the insurance policy. Therefore, because a jury would decide no issue in the fraud and deceptive trade practices claims that would be in common with the issues in the claim for reformation, Royal is not entitled to a jury trial on the reformation action.

## IV.

There are two additional issues raised by the parties that need not be decided. First, Royal argues that the district court erred in its treatment of the measure of damages potentially recoverable under the policy. Because recovery for fraud and deceptive trade practices, the only claims we are remanding to the district court, is governed by tort and statutory law rather than by the terms of the insurance policy, we need not decide this issue.

Second, USAIG argues that Royal should be collaterally estopped from retrying this case because Royal received an adverse jury verdict in its state court suit against Assurance during the pendency of this appeal. In that state court action, the jury found that Assurance did not agree to obtain breach of warranty coverage for Royal and did not represent to Royal that Royal was covered as a breach of warranty beneficiary. Again, because Royal's surviving claims concern statements made by a USAIG claims agent after the accident and not any statement by Assurance, the state court action has no effect on the case remanded.

AFFIRMED in part, REVERSED in part, and REMANDED.