914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie D. COLSON, Robert W. Ragsdale, and Donald G. Smith,
Plaintiffs-Appellants,
v.
ALLIED SYSTEMS, LTD., and the International Brotherhood of
Teamsters, Chauffeurs, Warehousemen, & Helpers of
America, Defendants-Appellees.
 No. 89-6518.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1990.
 
 Before KEITH, KRUPANSKY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs Ronnie D. Colson ("Colson"), Robert W. Ragsdale ("Ragsdale") and Donald Smith ("Smith") (collectively "appellants") appeal from the district court's November 9, 1989 order denying their motion for a preliminary injunction. For the reasons set forth below, we VACATE the district court's order and REMAND this case for factual findings.
 
 I.
 
 2
 Appellants are presently employed as drivers by Allied Systems, Ltd. ("Allied Systems"). They were formerly employed by Auto Convoy Company ("Auto Convoy") and acquired seniority in their positions. Colson and Smith are based in Smyrna, Tennessee; Ragsdale is based in Tulsa, Oklahoma. Allied Systems engages in the interstate transportation of new automobiles ("carhauling") throughout the southeastern and central southern United States. Allied Systems is a limited partnership, consisting of the formerly separate operations of Auto Convoy and Motor Convoy, Inc. ("Motor Convoy").
 
 
 3
 As businesses engaged in carhauling, Auto Convoy and Motor Convoy have had longstanding bargaining relationships with various local affiliates of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("IBT"). Both Auto Convoy and Motor Convoy were parties to a series of collective bargaining agreements comprised of the National Master Automobile Transporters Agreement ("NMATA") and the Central and Southern Conference Areas Supplemental Agreement ("Supplemental Agreement"). Additionally, Auto Convoy and its local unions were covered by a separate company rider ("Auto Convoy rider") to the Supplemental Agreement which provided company-wide seniority to Auto Convoy drivers. Employees of other carhauling companies, including Motor Convoy, were permitted terminal-wide seniority only.
 
 
 4
 On February 15, 1989, Smith and two other Auto Convoy employees filed a complaint against Auto Convoy and IBT Local 327 alleging violations of Section 101 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. Sec. 411 et seq., and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185 et seq., arising out of the implementation of an amended Auto Convoy rider. See Smith v. Auto Convoy Co., et al., No. 3-89-0141 (M.D.Tenn. April 18, 1989) (order denying preliminary injunction). The plaintiffs in Smith moved for a preliminary injunction against implementation of the amended Auto Convoy rider. Hearing Transcript at 117, Smith v. Auto Convoy Co., et al., No. 3-89-0141 (M.D.Tenn. April 18, 1989) (order denying preliminary injunction); IBT Brief, Appendix B at 117, Colson v. Allied Systems, Ltd., et al., No. 89-6518 (6th Cir.1990). The district court denied their motion following a hearing on April 18, 1989.
 
 
 5
 In July 1989, Auto Convoy and Motor Convoy decided to consolidate their operations. Auto Convoy and IBT Local 327 informed the district court of these plans during an August 7, 1989 hearing on their motions for summary judgment in the Smith case. The district court partially granted Auto Convoy's motion for summary judgment, dismissing the Smith plaintiffs' LMRDA claims against Auto Convoy, but denied summary judgment with respect to the Smith plaintiffs' LMRA claims because of disputed factual issues. On September 8, 1989, the Smith plaintiffs renewed their request for injunctive relief by filing a "Motion for an Interim Status Quo Injunction" which the district court subsequently denied on September 22, 1989.
 
 
 6
 Since the proposed consolidation would eliminate Auto Convoy and Motor Convoy as separate employer signatories to the NMATA and Supplemental Agreements, Allied Systems sought the approval of the consolidation by the Joint Arbitration Committee as requried under the NMATA.[1] On September 13, 1989, a special committee of the National Joint Arbitration Committee conducted a hearing to consider: the proposed operational consolidation of Auto Convoy and Motor Convoy into Allied Systems; and the impact the consolidation would have on the seniority rights of bargaining unit employees. Subsequently, the Joint Arbitration Committee approved the consolidation and determined that Allied Systems employees would no longer be bound by the preexisting Auto Convoy rider.
 
 
 7
 Although the Joint Arbitration Committee approved the operational consolidation of Auto Convoy and Motor Convoy into Allied Systems and the elimination of the Auto Convoy rider, the Joint Arbitration Committee directed Allied Systems to conduct a final bid among all former drivers to designate their domicile terminal. The Joint Arbitration Committee retained jurisdiction over the final bid for two purposes: (1) to ascertain whether its implementation would cause any hardship to the Allied Systems, the local union, or the drivers; and (2) to correct such hardship if found.
 
 
 8
 Allied implemented the company-wide bid for Auto Convoy drivers from October 2-4, 1989. Of the approximately 460 Auto Convoy drivers who participated in the bid, all except 47 were able to exercise their seniority to obtain a position at their present domicile. Appellants will not be required to move from their present domicile as a result of the bid.
 
 
 9
 On October 4, 1989, appellants filed a complaint against Allied Systems and the IBT alleging violations of Section 101 of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. Sec. 411 et seq., and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185 et seq. Appellants claimed that Allied Systems and the IBT "intentionally conspired" to violate appellants' LMRDA rights when the Joint Arbitration Committee approved the consolidation of Auto Convoy and Motor Convoy and the cancellation of the Auto Convoy rider.[2] In addition to filing their complaint, appellants requested a temporary restraining order ("TRO") to enjoin implementation of the Joint Arbitration Committee's decision approving the consolidation.
 
 
 10
 On October 5, 1989, during a telephone conference with counsel for all parties, the district court denied appellants' request for a TRO. Appellants then filed an emergency motion for an injunction pending appeal with this Court. On October 16, 1989, this Court dismissed appellants' appeal on jurisdictional grounds, ruling that an appeal from an order denying a TRO is not immediately appealable. See Colson, et al. v. Allied Systems, Ltd., et al., No. 89-6264 (6th Cir., Oct. 16, 1989) (order dismissing appeal of district court's order denying plaintiffs' motion for TRO). Later that afternoon, appellants returned to the district court and filed a motion for a preliminary injunction to enjoin implementation of changes in the Auto Convoy rider without prior membership ratification.
 
 
 11
 The Joint Arbitration Committee, at its October 16-18, 1989 meeting, decided to delay Allied Systems' implementation of the final bid due to uncertainty over whether Allied Systems would be awarded certain carhauling work in former Auto Convoy territory. To date, the implementation of the final bid remains in abeyance.
 
 
 12
 On November 9, 1989, the district court denied, without explanation, appellants' motion for preliminary injunction. Appellants filed a timely notice of appeal on November 16, 1989.
 
 II.
 
 13
 On appeal, appellants raise the sole issue of whether the district court erred in denying their motion for preliminary injunction. Appellants contend that the district court's failure to recognize the irreparable injury that will result from cancellation of the Auto Convoy rider, without employee ratification, warrants reversal.
 
 
 14
 The decision to grant or deny a preliminary injunction rests within the district court's sound discretion. See Parker v. U.S. Dept. of Agriculture, 879 F.2d 1362, 1367 (6th Cir.1989). "Absent evidence of abuse of discretion, the district court's decision to issue or deny a request for preliminary injunction will not be overturned." Id. Abuse of discretion requires a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of fact to law. See U.A.W. v. Mack Trucks, Inc., 820 F.2d 91, 95 (3rd Cir.1987). Four factors are relevant in determining whether a preliminary injunction should be granted: (1) the likelihood of plaintiffs' success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. In Re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985). See also 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2948, at 430-31 (1973). Federal Rule of Civil Procedure 52 requires a district court to make specific findings concerning each of these four factors, unless fewer are dispositive of the issue. In Re Delorean Motor Co., 755 F.2d at 1228; see also Fed.R.Civ.P. 52(a) ("[I]n granting or refusing interlocutory injunctions the court shall ... set forth the findings of fact and conclusions of law which constitute the grounds of its actions.").
 
 
 15
 In the present case, the district court failed to state precisely what facts formed the basis for its order denying the preliminary injunction. The mandate of Rule 52, therefore, has not been satisfied. This omission precludes us from reviewing the denial, as we are unaware of the district court's rationale. The parties, equally uncertain of the basis for the denial, urge us to adopt the district court's rationale for denying the preliminary injunction in Smith.[3] We are unwilling to adopt and review the Smith rationale in the instant case for three reasons: (1) the cases have not been consolidated; (2) the parties in both cases are not identical; and (3) we do not have the entire Smith record before us. Cf. CTI-Container Leasing Corp. v. Uiterwyk Corp., 685 F.2d 1284, 1286 n. 2 (11th Cir.1982) (whereas district court order staying four separate actions involving defendant does not constitute Fed.R.Civ.P. 42(a) consolidation, appellate review limited to case involving named parties), cert. denied, 459 U.S. 1173 (1983).
 
 III.
 
 16
 Accordingly, we VACATE the order denying the preliminary injunction and REMAND this case to the district court with instructions to set forth the findings of fact and conclusions of law which constitute the grounds of its action.
 
 SUHRHEINRICH, Circuit Judge, dissenting:
 
 17
 I agree that, normally, Fed.R.Civ.Pro. 52 requires a district court to make specific findings regarding each of the four factors relevant to obtaining preliminary injunctive relief. In re Delorean Motor Co., supra. However, in the present case, the district court's failure to state the precise facts which formed the basis for its order denying the preliminary injunction should not be dispositive of this appeal. The most obvious reason warranting our review is that the parties are apparently in agreement that we should adopt the district court's rationale for denying the preliminary injunction in Smith, the earlier filed related case, as the basis for the denial of the injunction in this case.[1] Secondly, the record in the instant case is extremely clear as to the proper adjudication of the merits.
 
 
 18
 The purpose of the rule requiring a district court to make findings of fact and conclusions of law pertinent to an injunction, pursuant to Fed.R.Civ.P. 52(a), is simply to provide an appellate court with a clear understanding of the decision. Wynn Oil Co. v. Purolator Chemical Corp., 536 F.2d 84, 85 (5th Cir.1976). The existence of findings of fact and conclusions of law on the elements of an injunction is not a jurisdictional requirement, and an appellate court may review an injunction decision in the absence of such findings and conclusions when the record is exceptionally clear and remand would serve no useful purpose. White v. Carlucci, 862 F.2d 1209, 1211 fn. 1 (5th Cir.1989). In LaSalle Extension University v. F.T.C., 627 F.2d 481, 485 (D.C. Cir.1980), the District of Columbia Circuit explained:
 
 
 19
 Notwithstanding the importance of having the district court express its conclusions with care and in adequate detail, however, we will not remand a case for more specific findings if doing so we well consume precious time and judicial resources without serving any purpose. When the record as a whole reveals no substantive issue concerning a material fact, we will not elevate form over function by requiring further district court proceedings to supplement the findings...."
 
 
 20
 This accords with the rule that a Court of Appeals should not remand a case for more specific findings if doing so will consume precious time and judicial resources without serving any purpose. McCord v. Bailey, 636 F.2d 606, 613 (D.C. Cir.1980), cert. denied 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). In this case, remand would serve no useful purpose because the record demonstrates that there are no disputed substantive issues which necessitate additional findings. For the foregoing reasons, I respectfully dissent.
 
 
 
 [1]
 Article 5, Section 8 of the NMATA provides, in pertinent part:
 The Employers and the Union acknowledge that questions involving the accrual, interpretation or application of seniority rights may arise which require different treatment. It is understood that the Employers, the Union and the National or Area Joint Arbitration Committees may mutually agree to such disposition of questions of seniority which, in their judgment, is appropriate under the circumstances. The National and Area Joint Arbitration Committees shall have the authority to determine the establishment and application of seniority in all situations presented to them and the seniority decisions of the Joint Arbitration Committees shall be final and binding on the Employer, the Union and the employees.
 Joint Appendix at 142, Colson v. Allied Systems, et al., No. 89-6518 (6th Cir.1990) (National Master Automobile Transporters Agreement Covering Truckaway, Driveaway and Local Agreements, June 1, 1988-May 31, 1991).
 
 
 [2]
 Appellants contend that the decision to cancel the Auto Convoy rider must be ratified by the union membership. They maintain that under the IBT constitution, all IBT members have the right to ratify their collective bargaining agreements, including company riders to master agreements. Accordingly, the consolidation of Auto Convoy and Motor Convoy into Allied Systems did not authorize the cancellation of the Auto Convoy rider
 
 
 [3]
 In denying the motion for preliminary injunction, the Smith court stated:
 I'm concerned about irreparable harm, I'm concerned about statute of limitations. I'm also concerned about your probability of success on the merits as you have framed your lawsuit.
 * * *
 I'm going to deny preliminary relief in this case.... [F]or all those reasons, I'm not going to grant your injunction.
 Hearing Transcript at 116-17, Smith v. Auto Convoy Co., et al., No. 3-89-0141 (M.D.Tenn. Apr. 18, 1989) (order denying preliminary injunction); IBT Brief, Appendix B at 117, Colson v. Allied Systems, Ltd., et al., No. 89-6518 (6th Cir.1990).
 
 
 [1]
 None of the parties have argued that we are without authority to consider this appeal due to the district court's failure to make specific findings. Instead, the parties' briefs are premised on the assumption that the reasons for denial of the preliminary injunction provided in Smith apply equally to this case as well. (Brief of Appellants, p. 15; Brief of Allied Systems, Ltd., pp. 9-10; Brief of International Brotherhood of Teamsters, pp. 4-5)