United States Court of Appeals,
Fifth Circuit.

No. 93-2337.

Parvin PARSAIE, Plaintiff-Appellant,

Jaime Parsaie, Plaintiff,

v.

UNITED OLYMPIC LIFE INSURANCE COMPANY, Defendant-Appellee.

Aug. 19, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before REAVLEY and DAVIS, Circuit Judges, and ROSENTHAL,[1] District Judge.

W. EUGENE DAVIS, Circuit Judge:

This action stems from the defendant insurer's denial of health insurance benefits to the plaintiff. The district court granted summary judgment in favor of the defendant based in part on its affirmative defense of misrepresentation. Because a genuine issue of material fact exists regarding whether plaintiff possessed the requisite intent to deceive, we vacate the district court's judgment and remand for further proceedings.

I.

In May 1990, plaintiff, Parvin Parsaie, obtained a health insurance policy from defendant, United Olympic Life Insurance Company ("United Olympic"). Her application falsely indicated that she had not been diagnosed or treated for disease of or injury to

---

[1]District Judge of the Southern District of Texas, sitting by designation.

her reproductive system within the last five years and that she was not taking any medication for a medical condition. Mrs. Parsaie maintains that she understood very little English and "could not and did not read the application," but rather signed the application at the insistence of the soliciting agent.

Mrs. Parsaie was hospitalized in July 1990, and incurred medical and hospital costs totalling $125,258.01. She then filed a claim with United Olympic for that amount. United Olympic investigated the claim and determined that Mrs. Parsaie had misrepresented her medical condition in her application. As a result, the company denied her claim, rescinded the policy, and refunded her premiums.

Based on the denial of her claim and the rescission of the policy, Mrs. Parsaie filed suit alleging that United Olympic improperly rescinded the insurance policy and breached its common law duty of good faith and fair dealing. She also alleged violations of the DTPA and the Texas Insurance Code, as well as negligence claims. The district court granted summary judgment in favor of United Olympic based in part on its affirmative defense of misrepresentation, and Mrs. Parsaie now appeals.

II.

A.

We review a grant of summary judgment de novo, applying the same standards as the district court. See *Jackson v. Federal Deposit Ins. Corp.,* 981 F.2d 730, 732 (5th Cir.1992). In ruling on United Olympic's affirmative defense of misrepresentation, the

2

district court correctly held that, under Texas law, an insurer may rescind a policy based on the insured's misrepresentations only if the insurer can prove the insured's intent to deceive. The Texas Supreme Court has recently reaffirmed this rule. See *Union Bankers Ins. Co. v. Shelton,* --- S.W.2d ----, 1994 WL 278131 (Tex.1994). The district court determined in this case that United Olympic's summary judgment evidence failed to establish that Mrs. Parsaie intentionally misrepresented her medical history. United Olympic, however, argued that the language of its insurance policy allowed it to avoid coverage for unintentional misrepresentations. The district court agreed and granted summary judgment on that basis.

On appeal, United Olympic concedes that the district court erred in granting it summary judgment on the breach of contract claim without requiring it to demonstrate Mrs. Parsaie's intent to deceive. As a result, United Olympic has abandoned its argument that it could rescind Mrs. Parsaie's policy without showing her intent to deceive. Rather the company argues that the summary judgment evidence established Mrs. Parsaie's intent to deceive, and that therefore we should affirm the district court's judgment.

Although United Olympic has established that Mrs. Parsaie made material misrepresentations, Mrs. Parsaie's affidavit creates a question of fact as to whether those misrepresentations were intentional. Mrs. Parsaie stated:

> When I signed the Application/Enrollment form I did not intend to misrepresent any facts to United Olympic Insurance Co. nor did I intend to deceive or mislead the insurance company.

> I relied on Jamie Parsaie and Larry Siller to fill out and complete the Application/Enrollment form for insurance and at

3

> the time I signed my name, I had no knowledge that any statement or response to questions on the application were untrue, inaccurate or misleading.

Moreover, *Shelton* does not support United Olympic's argument that a misrepresentation need not be intentional so long as it induces the insurer to issue the policy. The material misrepresentation in *Shelton* apparently induced the insurer to issue the policy, yet the Texas Supreme Court remanded the case for resolution of a genuine issue of material fact regarding the insured's intent to deceive.

Because a genuine issue of material fact is presented regarding whether Mrs. Parsaie intended to deceive United Olympic, we must vacate the district court's grant of summary judgment and remand Mrs. Parsaie's breach of contract claim for further proceedings.

### B.

Mrs. Parsaie argues next that United Olympic breached its common law duty of good faith and fair dealing. Under the common law of Texas, an insurer breaches its duty of good faith and fair dealing if it has no reasonable basis for denying a claim or delaying a payment, or if it fails to determine whether there is a reasonable basis for a denial or delay. See *Plattenburg v. Allstate Ins. Co.,* 918 F.2d 562, 563 (5th Cir.1990). The Texas Supreme Court has held that an insurer is required "to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals that there is a reasonable basis to do so." *Viles v. Security Nat'l Ins. Co.,* 788 S.W.2d 566, 568 (Tex.1990).

4

Mrs. Parsaie argues that United Olympic did not have a reasonable basis for denying her claims because it did not investigate whether she intentionally misrepresented her medical history.  The district court, however, found that the comparison of Mrs. Parsaie's application with her medical records gave United Olympic a reasonable basis for believing that Mrs. Parsaie had committed fraud.

Recently, in *Union Bankers Insurance Co. v. Shelton,* --- S.W.2d ----, 1994 WL 278131 (Tex.), the Texas Supreme Court held that "a cause of action for breach of the duty of good faith and fair dealing exists when the insurer wrongfully cancels an insurance policy without a reasonable basis."  *Id.* at ----, 1994 WL 278131, at *6.  In *Shelton,* as in this case, the insurance company cancelled the insured's policy because of an undisclosed pre-existing condition.  The court found that the plaintiff had presented evidence of the insurer's bad faith because "Union Bankers failed to discuss the application, condition, or claim with Mr. Shelton before making its final determination." *Id.*  In light of this decision, we vacate the district court's judgment on Mrs. Parsaie's claim for breach of the duty of good faith and fair dealing and remand for reconsideration.

C.

Finally, Mrs. Parsaie alleged DTPA and negligence claims. The district court, relying on our decision in *Royal Aviation, Inc. v. Aetna Casualty & Surety Co.,* 770 F.2d 1298 (5th Cir.1985), held that Mrs. Parsaie could not recover on these claims because the

actions of the soliciting agent about which she complained could not be imputed to the insurer. The district court noted that the Texas Supreme Court had not addressed whether a distinction should be made between soliciting and recording agents, and that the lower courts in Texas were divided on the issue. The Texas Supreme Court, however, has now addressed the issue. In *Celtic Life Insurance Co. v. Coats,* --- S.W.2d ----, 1994 WL 278107 (Tex.1994), the court stated that no distinction should be drawn between recording agents and soliciting agents, and that the actions of either may be imputed to the insurer. *Id.* at ----, 1994 WL 278107, at *2. Consequently, we vacate the district court's judgment with regard to Mrs. Parsaie's DTPA and negligence claims and remand for further consideration in light of *Coats.*

III.

For the foregoing reasons, we vacate the district court's judgment and remand for further consideration consistent with this opinion.

VACATED and REMANDED.