Affirmed and Memorandum Opinion filed May 20, 2008








Affirmed and Memorandum Opinion filed May 20, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00582-CV

_______________

 

JUAN JOSE HERNANDEZ, Appellant

 

V.

 

 

ADBEDLSALAM ATIEH, Appellee

                                                                                                                                               


On Appeal from the 190th District Court

Harris County, Texas

Trial Court Cause No. 04-62389

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








In this
personal injury case arising from a traffic accident, appellant, Juan Jose
Hernandez, sued appellee, Adbedlsalam Atieh, for negligence.  After the jury
found Atieh=s negligence, if any, did not cause the accident, the trial court entered
judgment that Hernandez take nothing.  In a single issue, Hernandez contends
the trial court erred by allowing Atieh to designate a responsible third party
after the close of evidence, but before the case was submitted to the jury. 
Concluding the designation did not result in reversible error, we affirm.[1]

I.  Background

On
November 16, 2003, Hernandez was a passenger in the back seat of a vehicle
driven by Hector Sisa when the flat-bed tow truck Atieh was driving hit Sisa=s vehicle from the rear.  The
accident occurred at the interchange of I-45 and I-10 in Houston.  Aside from
these facts, the parties presented differing versions of the accident and the
conversation immediately afterwards.

According
to Atieh, he was traveling twenty to twenty-five miles per hour, it was Asprinkling,@ and traffic was heavy.  As Atieh was
approaching the exit from I-45 north to I-10 west, he was in the second lane
from the leftCone of two left lanes from which a driver may exit to I-10.  At the time,
Sisa=s vehicle was to the right of Atieh=s truck, in a lane designated only
for drivers continuing on I-45.  Sisa abruptly pulled in front of Atieh=s truck and suddenly stopped. 
Although Atieh braked, his truck hit the rear of Sisa=s vehicle.

After
the accident, Osman Mustafa, a passenger in Atieh=s truck, communicated with Sisa and
Hernandez in Spanish.  Atieh testified he did not talk with them because he
does not speak Spanish.  At trial, Mustafa essentially supported Atieh=s version of the accident and the
events afterwards.








According
to Hernandez, he was riding in the back seat with his wife and had his left arm
behind his wife=s headrest.  Sisa=s vehicle was in the far left lane as
it approached the exit to I-10.  As he was exiting to I-10, Sisa either stopped
or slowed considerably because of heavy traffic, and Atieh=s truck unexpectedly struck their
vehicle.  Hernandez did not see Atieh=s truck before the collision and was
therefore unaware of its movements before the collision.  After the accident,
Atieh exited his truck, apologized, and stated he would pay for the damage to
Sisa=s vehicle.   Eventually, Hernandez
received medical treatment for shoulder injuries allegedly sustained in the
accident.

In
November 2004, Hernandez sued Atieh, alleging multiple theories of negligence.[2] 
In March 2006, the case was tried to a jury.  In his live pleading, Atieh
requested Athe Court and Jury to consider the relative damages and conduct of the
parties and all tortfeasors, including Plaintiff, and accord Defendant full
benefit of Texas Civil Practice & Remedies Code Chapter 33.@  Atieh also alleged, among other
defenses, (1) the incident was caused by parties or instrumentalities over
which Atieh had no control, and (2) Aanother person, persons or
instrumentalities were the sole proximate cause of the accident in question
and/or the injuries and damages alleged.@  He did not specify Sisa as a
responsible third party.

On March
6, the last day of trial, the following exchange occurred:

THE
COURT:  We=re on the record.  Let the record reflect the jury is
not present in the courtroom.  However, all counsel are present in the
courtroom.

MR.
BECKCOM [Hernandez=s counsel]: 
Your Honor, I just want to make it clear for the record that with respect to
the driver of the SUV, Mr. Sisa, he isB

THE COURT:  Just one second.  Just one second.

MR.
BECKCOM:  He is not going to be a
proper party to be submitted on the jury charge, and we=ve got a trial brief to that effect.  So I just want
to make very clear that we are not trying his negligence by consent in this
case.

Now, they have got some defenses of unavoidable accidents, sudden
emergency.  So I B I guess that some of this evidence of what happened
is relevant to those issues.  But as to Mr. Sisa=s negligence, we are not trying that by consent.

THE COURT:  Okay.

. . . .








MR.
MEYNIER [Atieh=s counsel]: 
Do you want me to respond to their motions?  This is the first that I=ve heard of this one.

THE
COURT:  No.  I think he=s just making them to preserve his record, and then we=ll consider them at the proper time.

MR. BECKCOM:  Yes.  Just to preserve the trial by consent issue. 
Very clear about that.

MR.
MEYNIER:  Well, I know we=re on the record, so obviously, I'm going to oppose
that and we believe that that=s happened. It=s already happened because they have discussed that at
length, as we have, without objections throughout the B

THE
COURT:  Discussed what at length?  It=s not clear to me what you are objecting to.

MR.
MEYNIER:  Mr. Sisa=s cause of this accident.  We believe that he has been
pled in our answer, and they did not object under the Texas Civil Practice
[sic] Remedies Code within 15 days. And so the Court B

THE
COURT:  You named him as a
responsible third party in your answer?

MR.
MEYNIER:  We designated everybody
under the Civil Practice [sic] Remedies Code subject to that and cited the
specific code as B

THE
COURT:  My question is, sir:  Did you
designate Mr. Sisa as a responsible third party and follow designation of
responsible third party?

MR.
MEYNIER:  We believe we did. And we
also discussed him B

THE COURT:  You said, we believe we did?

MR. MEYNIER:  Yes.

THE COURT:  Yes or no?  Is he named as a responsible third
party?

MR.
MEYNIER:  We designated all
responsible third parties.  We did not identify him specifically.

THE
COURT:  That was my question is:  Did
you designate Mr. Sisa as a responsible third party?

MR.
MEYNIER:  Your Honor, we believe in
connection with the request for disclosures we also named him.








THE
COURT:  Is it B can I just ask you to answer my question?  You can
make all of these many other arguments about why you think he=s designated or why you think they have notice, but
did you file a designation of responsible third party and name Mr. Sisa as a
responsible third party pursuant to the Remedies Code?

MR. MEYNIER:  His name was not specified in that initial answer,
no.

THE
COURT:  So the answer is no.  Okay. 
But you believe you filed other documents that gave them notice?

MR. MEYNIER:  Yes.

 

By
written motion filed the same day, and orally after the parties had rested,
respectively, Atieh (1) requested leave to designate Sisa as a responsible
third party and (2) requested a trial amendment to that effect.  Hernandez
objected to the request and objected to including Sisa on the jury charge. 
Hernandez argued that the amendment contravened Civil Practice and Remedies
Code section 33.004 and constituted prejudicial surprise.[3]








The
trial court overruled Hernandez=s objection and permitted the trial amendment.  Hernandez
submitted, and the trial court refused, a jury charge requesting a negligence
finding solely with regard to Atieh.

In
Question No. 1 of the jury charge, the trial court submitted both Atieh and
Sisa as persons whose negligence may have proximately caused the accident.  A
non-unanimous jury answered the question as follows:

Did the negligence, if any, of any of the persons named below
proximately cause the occurrence in question?

Answer AYes@ or ANo.@

(a)       Adbedlsalam Atieh                [NO]

(b)       Hector Sisa                            [YES]

If, you have answered AYES@ to Question No. 1 for more than one
of those named below [Atieh and Sisa] then answer the following question. 
Otherwise, do not answer Question No. 2.

The
trial court rendered a take nothing judgment on the jury=s verdict, and Hernandez filed a
motion for new trial, which the trial court denied.  Hernandez appealed.

II.  Discussion








In a
single issue, Hernandez argues the trial court erred in allowing Atieh to
designate a responsible third party after the evidence was closed and before
the jury was charged.  In the trial court, Hernandez=s counsel argued, AI=m not saying that necessarily they
couldn=t argue [Sisa is the person who
caused the sudden emergency or whatever], but the evidence is now closed.  And
it=s very, very clear what you have to
do to get a party submitted under these circumstances in the jury charge.@  In this court, Hernandez complains,
AAtieh did not timely move to
designate Sisa as a responsible third party under the clear language of the
Responsible Third Party provision and therefore Sisa should not have been
included on the jury charge.@  Thus, although Hernandez rests his argument on Civil
Practice and Remedies Code section 33.004, his complaint is directed at
inclusion of the question of Sisa=s negligence in the jury charge. 
Assuming, without deciding, that inclusion of the question of Sisa=s negligence was error, we conclude
the error was harmless.[4]

We
reverse for error in the jury charge only, if after considering the record as a
whole, including the pleadings, the evidence presented at trial, and the charge
in its entirety, we conclude the error probably caused rendition of an improper
verdict or probably prevented the appellant from presenting the case to the
appellate court. See Tex. R. App. P.  44.1; Island Recreational Dev.
Corp. v. Republic of Tex. Sav. Ass=n, 710 S.W.2d 551, 555 (Tex. 1986); Wal‑Mart
Stores, Inc. v. Redding, 56 S.W.3d 141, 149 (Tex. App.CHouston [14th Dist.] 2001, pet. denied). 
Submission of an improper jury question can be harmless error if the jury=s answers to other questions render
the improper question immaterial.  City of Brownsville v. Alvarado, 897
S.W.2d 750, 752 (Tex. 1995).  We consider a jury question immaterial when its
answer can be found elsewhere in the verdict or when its answer cannot alter
the effect of the verdict.  Id.  Submission of an immaterial issue is
not harmful error unless the submission confused or misled the jury.  Id. 
When determining whether a particular question could have confused or misled
the jury, we consider its probable effect on the minds of the jury in the light
of the charge as a whole.  Id.








Here,
the jury=s finding with respect to Atieh
rendered submission of Sisa=s negligence immaterial.  Once the jury found Atieh=s negligence, if any, did not
proximately cause the accident, its finding that Sisa=s negligence did proximately cause
the accident could not have altered the effect of the verdict.  See id.
at 751B52 (holding that any error in
submitting claimants= deceased, in addition to defendant, in jury charge was
harmless; once jury found defendant was not negligent, its finding that
deceased was negligent could not have altered the effect of the verdict); Sell
v. C.B. Smith Volkswagen, Inc., 611 S.W.2d 897, 903 (Tex. Civ. App.CHouston [14th Dist.] 1981, writ ref=d n.r.e.) (holding, even if trial
court erred in submitting issues on contributory negligence, such error would
not warrant new trial because jury did not find defendants liable on primary
negligence issues).

Considering
the charge in its entirety, we further conclude submission of the question on
Sisa=s negligence could not have misled or
confused the jury.  The court instructed the jury, AThere may be more than one proximate
cause of an event.@  The court also instructed the jury to allocate percentages
of negligence only if it found the negligence of both Atieh and Sisa
proximately caused the occurence (i.e., more than one of the persons named). 
Therefore, the jury was not misled into believing it had to choose between
finding Atieh negligent or finding Sisa negligent.

Finally,
the record as a whole demonstrates the  submission of the inquiry on Sisa=s negligence did not cause rendition
of an improper verdict.  Throughout the trial, Atieh questioned witnesses to
establish Sisa had improperly changed lanes, cutting in front of Atieh=s vehicle and stopping suddenly. 
Therefore, we cannot conclude the mere presence of Sisa in the jury question
caused the jury to find no liability on Atieh=s part.

In sum,
designation of Sisa as a responsible third party with the resultant submission
of his name in the negligence question was not reversible error.[5] 
We overrule Hernandez=s sole issue.

 

 








The judgment of the trial court is affirmed.

 

 

 

/s/        Charles Seymore

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed May 20, 2008.

Panel consists of Justices Fowler,
Frost, and Seymore.









[1]  Because the dispositive issue is clearly settled in
law, we issue this memorandum opinion.  Tex. R. App. P. 47.4.





[2]  Hernandez also sued Atieh=s employer and the owner of the tow truck, but
non-suited these defendants before trial.





[3]  Civil Practice and Remedies Code section 33.004
provides in relevant part:

 

(a) A defendant may seek to designate a person as a
responsible third party by filing a motion for leave to designate that person
as a responsible third party. The motion must be filed on or before the 60th
day before the trial date unless the court finds good cause to allow the motion
to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named
person as a responsible third party unless another party files an objection to
the motion for leave on or before the 15th day after the date the motion is
served.

 

(g) If an objection to the motion for leave is timely
filed, the court shall grant leave to designate the person as a responsible
third party unless the objecting party establishes:

 

(1) the defendant did not plead sufficient facts
concerning the alleged responsibility of the person to satisfy the pleading
requirement of the Texas Rules of Civil Procedure;  and

 

(2) after having been granted leave to replead, the
defendant failed to plead sufficient facts concerning the alleged
responsibility of the person to satisfy the pleading requirements of the Texas
Rules of Civil Procedure.

. . . .

(l) After adequate time for discovery, a party may
move to strike the designation of a responsible third party on the ground that
there is no evidence that the designated person is responsible for any portion
of the claimant's alleged injury or damage.  The court shall grant the motion
to strike unless a defendant produces sufficient evidence to raise a genuine
issue of fact regarding the designated person's responsibility for the
claimant's injury or damage.

 

Tex. Civ. Prac. & Rem. Code Ann. ' 33.004 (Vernon Supp. 2007).





[4]  In this simple negligence case, we are presented
with ample evidence of third party liability on the part of the driver of a
vehicle occupied by appellant who elected not to sue that driver.  The trial
court implicitly found Agood cause@
for late filing of the designation of responsible third party even though Atieh
filed his written designation after the evidence was closed.  Because we
resolve this issue based on the harmless error rule,  we do not address whether
defendants in civil cases may file designations of responsible third parties
after the evidence is closed. 





[5]  If Hernandez is suggesting submission of a
responsible third party in the jury charge is per se reversible error when that
party was not timely designated under Civil Practice and Remedies Code section 
33.004, we disagree.  Hernandez relies on Crown Life Insurance Co. v.
Casteel, 22 S.W.3d 378 (Tex. 2000); and Wal‑Mart Stores, Inc. v.
Redding, 56 S.W.3d 141 (Tex. App.CHouston
[14th Dist.] 2001, pet. denied).  In Casteel, the supreme court
concluded error in submitting, over timely and specific objection, a single
broad‑form liability question that commingled valid and invalid liability
grounds, was harmful because the erroneous submission prevented the appellant
from isolating the error and presenting its case on appeal.  Casteel, 22
S.W.3d at 388.  In Redding, this court extended the Casteel
rationale to a broad form damages question that commingled valid and invalid
measures of damages.  Redding, 56 S.W.3d at 154B55.  Unlike Casteel and Redding, the
present case does not involve a broad-form question.  Instead, the jury was
instructed to make separate findings regarding Atieh and Sisa; and, as
discussed above, the negative finding regarding Atieh rendered submission of
the question regarding Sisa harmless.